337 So.2d 713 (1976)
Frances Simmons LEE, Executrix, et al.
v.
J.C. LEE, Conservator.
No. 48809.
Supreme Court of Mississippi.
September 28, 1976.
*714 M.M. Roberts, S. Wayne Easterling, Hattiesburg, for appellants.
Holmes, Dukes & Welborn, Alfred B. Jernigan, Jr., Hattiesburg, for appellee.
Before INZER, SMITH and BROOM, JJ.
BROOM, Justice, for the Court:
While his estate was under conservatorship, Herbert Hall Lee (now deceased) executed his Last Will and Testament without court authority or knowledge of his conservator. The Chancery Court of Forrest County decreed that the Will was invalid, but we reverse.
The controlling issue is: May a person whose estate is under conservatorship execute a valid will without court authority or consent of the conservator?
In 1968 Herbert Hall Lee, because of old age and physical incapacity, was placed under conservatorship by a decree which limited the conservatorship to the property and estate of the deceased. In 1970, while the conservatorship was still pending, he executed his Last Will and Testament. On March 28, 1973, he died  still under the conservatorship. The will was duly admitted to probate upon affidavit of two of the three subscribing witnesses. Pursuant to the decree admitting the will to probate, letters testamentary issued and notice to creditors was published. The will devised the homestead property to the widow and the remaining land in equal shares to her and the four children. Two of the children were of the first marriage of the decedent, and the other two were of his second marriage which was to Mrs. Frances Simmons Lee (one of the appellants).
By our per curiam affirmance in Lee v. Lee, Conservator of Estate of Herbert H. Lee, and Herbert H. Lee, 275 So.2d 851 (Miss. 1973), we upheld the lower court's ruling that one under conservatorship was without the necessary contractual power to execute a valid land deed. The deed which we held to be void in that case was dated May 9, 1970, the date of the Last Will and Testament involved in this suit. Argument is made that under Mississippi Code Annotated § 93-13-261 (1972), an individual under a conservatorship cannot accomplish by will that which is prohibited "directly by deed."
Who has the power to execute a will is set forth in Mississippi Code Annotated § 91-5-1 (1972). Under that statute any person "of sound and disposing mind" who is twenty-one years of age, or a married minor eighteen years of age, may execute a will. The testator, Herbert Hall Lee, was within the purview of § 91-5-1 when he signed the will now before us. Our earlier decision in Miss., 275 So.2d 851 dealt with the right of an individual under a conservatorship to execute a land deed, which is a contract and distinguishable from a will. Generally a consideration is an essential ingredient of a contract, but such is not true as to a will. Whereas a will is gratuitous and revokable at the whim of the testator  not so of a deed. A will is a unilateral disposition of property which need not be delivered or accepted (during the life of its maker), and may exist without knowledge of one beneficiary to it, but a deed differs in these respects. Mindful of the elemental distinctions between wills and contracts, the legislature enacted the statutes referred to under which Herbert Hall Lee had the legal power to devise his estate if mentally competent.
In the decree admitting the will to probate, the court found that the deceased was of sound and disposing mind and memory at the time he executed the will. The record reveals no finding by the chancellor that the testator was mentally incompetent. He based his decree on the theory that one under a conservatorship, pursuant to Mississippi *715 Code Annotated § 93-13-251 (1972), simply cannot execute a valid will without the knowledge of the conservator or permission of the court. The general law (recognized by the chancellor) is that an insane person may execute a valid will "in a lucid interval." Gholson v. Peters, 180 Miss. 256, 176 So. 605 (1937). Although the conservator in this case had legal control of the property and estate of the testator, this did not affect the testamentary capacity of the one whose property was under the conservatorship. The key to testamentary capacity is mental competency at the time the will is made. Scally v. Wardlaw, 123 Miss. 857, 86 So. 625 (1920). Regardless of the existence of the conservatorship, one whose property is under conservatorship may execute a valid will during lucidity, if possessed of the requisite understanding and mental capacity. The affidavits of the subscribing witnesses to the will indicate that the testator was of sound mind and disposing memory as was adjudicated by the court decree admitting the will to probate. Admission of the will to probate was of itself prima facie evidence of its validity.
The general rule is that testamentary capacity is in nowise cut off by the existence of a conservatorship. Thomas v. Hamlin, 56 Tenn. App. 13, 404 S.W.2d 569 (1964). Though the existence of a guardianship of an insane person is notice to the world of his incapacity to make a valid contract, we are not here dealing with a contract but with a will which (unlike a contract) takes effect after death. Mississippi Code Annotated § 93-13-261 (1972) limits the contractual and conveyance powers of one involved in a conservatorship, but does not restrict his right, competency or power to execute a will. We hold that a person of sound and disposing mind whose property or estate has been placed under conservatorship may execute a valid will. Tucker v. Bowen, 345 Mass. 27, 234 N.E.2d 896 (1968). Accordingly, the decree appealed from must be reversed and judgment will be entered here to the effect that the will in question is valid and binding just as written. Upon remand the lower court will proceed in a manner not inconsistent with this opinion.
REVERSED AND REMANDED.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER and LEE, JJ., concur.