837 So.2d 202 (2002)
James D. POWER, Mary Cox Power and Samuel D. Hensley, Jr., Appellants,
v.
Leslie SCOTT, Individually, and as Executrix of the Estate of Ellen Marie Power, Deceased, Appellee.
No. 2001-CA-00341-COA.
Court of Appeals of Mississippi.
June 4, 2002.
Rehearing Denied August 20, 2002.
Certiorari Denied January 9, 2003.
*203 Dennis L. Horn, Shirley Payne, Madison, attorneys for appellant.
Marlane Elizabeth Chill, Jackson, Luke Dove, attorneys for appellee.
Before McMILLIN, C.J., LEE, and BRANTLEY, JJ.
LEE, J., for the court.
¶ 1. James D. Power, Mary E. Cox Power, and Samuel D. Hensley, Jr., M.D., filed a bill of discovery to contest the last will of their daughter and ex-wife, Ellen Marie Power Hensley. The Powers and Dr. Hensley contested the will on the basis of lack of mental capacity and undue influence. The Powers and Dr. Hensley requested that Leslie Scott, executrix and beneficiary of the estate of Ellen Powers Hensley, produce the medical, financial, and legal records of Ellen to help prove their claims. Leslie Scott filed a motion to *204 dismiss or in the alternative a motion for summary judgment. Concerning the motion for summary judgment, the chancellor held that neither the Powers nor Dr. Hensley had standing and entered an order granting the motion for summary judgment. Feeling aggrieved, the Powers and Dr. Hensley assert the following issues: (1) whether the chancellor erred when he held that the Powers and Dr. Hensley did not have standing to contest the will, (2) whether the chancellor erred when he decided not to remove the executrix, (3) whether the chancellor erred by failing to make findings of fact and conclusions of law, and (4) whether, on remand, this case should be consolidated with proceedings arising from the divorce action between the decedent, Ellen Marie Power, and her former husband, Dr. Hensley. This Court concludes that issue one requires that this case be reversed and remanded.

FACTS
¶ 2. Ellen Marie Power Hensley drafted two wills prior to her death. Her first will reflected the date of May 9, 1997. Her second will showed the date of September 23, 1998. During the time between the execution of her first and second will, Ellen and Dr. Hensley were divorced. A section of the property settlement agreement addressed the estates of Ellen and Dr. Hensley wherein each waived his or her rights to an interest in the other's estate.
¶ 3. On December 10, 1998, Ellen Marie Power Hensley took her own life. Shortly thereafter, the executrix and primary beneficiary, Leslie Scott, filed the 1998 will for probate. In response, the Powers and Dr. Hensley filed a bill of discovery to obtain the medical, legal, and financial records of Ellen. The Powers and Dr. Hensley asserted that the records were necessary to establish that Ellen was suffering from psychological disturbances at the time she signed her wills. They asserted that Ellen lacked the mental capacity to execute a valid will and that her will was the product of undue influence from Leslie Scott.
¶ 4. Leslie Scott did not produce the documents requested by the Powers and Dr. Hensley. Instead, she filed a motion to dismiss or in the alternative for summary judgment. The motion asserted that none of the parties had standing to contest the second will. The chancellor agreed and granted the motion for summary judgment.

DISCUSSION
I. WHETHER THE CHANCELLOR ERRED WHEN HE HELD THAT THE POWERS AND DR. HENSLEY DID NOT HAVE STANDING TO CONTEST THE WILL.
¶ 5. The Powers and Dr. Hensley assert that they are necessary parties to the will contest. James D. Power and Mary Power assert that as heirs at law they are necessary parties under the terms of Miss. Code Ann. § 91-7-25 (Rev.1994). Dr. Hensley asserts that he is a necessary party to the will contest since he was the former husband of Ellen and since a matter is still pending regarding the sum of alimony, if any, that he must pay into Ellen's estate. Leslie Scott, in her capacity as an individual, as well as executrix of Ellen's estate, argues that the Powers and Dr. Hensley have no financial interest to protect; therefore, under Mississippi law they do not have standing and summary judgment was appropriately granted.
¶ 6. The lower court is vested with the discretion to grant a summary judgment "if the pleadings, depositions, answers to interrogatories and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material *205 fact and that the moving party is entitled to a judgment as a matter of law." Collier v. Trustmark Nat'l Bank, 678 So.2d 693, 695 (Miss.1996); M.R.C.P. 56. The standard of review when a trial judge has granted a summary judgment is de novo. Dees v. Estate of Moore, 562 So.2d 109, 110 (Miss.1990).
¶ 7. "While the question of `devisavit vel non' (`will or no will') is the primary issue in a will contest, and under Miss. Code Ann. § 91-7-19 (1972), either party to a will contest has an automatic right to a jury trial, where no genuine issues of material fact have been presented in the pleading stage a motion for summary judgment is properly granted." Matter of Launius, 507 So.2d 27, 29 (Miss.1987). Matter of Launius explains the burden of the contestant of a will facing a motion for summary judgment as follows:
Appellees, as proponents of the will, have the burden of proving the will throughout. They meet this burden by showing the will was duly executed and admitted to probate. When the will is admitted to probate, proponents put on prima facie evidence that the testator had testamentary capacity and further that no undue influence was placed upon him. The burden of going forward then shifts to contestant, who must overcome the presumption raised by proponents that testator had testamentary capacity, (and, therefore, that the testator's execution of the will was a free and voluntary act).
When the Mississippi Rules of Civil Procedure come into play within a situation involving a contest to will, where movants for summary judgment (appellees) have shown there is no genuine issue of material fact vis-a-vis probate of the will, contestant, as the adverse party, "may not rest upon the mere allegations of denials of his pleadings, but his response, by affidavits or as otherwise provided in this Rule, must set forth specific facts showing that there is a genuine issue for trial." M.R.C.P. 56(e).
Id. at 29-30 (citations omitted).
¶ 8. With this standard in mind, we must determine if the chancellor correctly concluded that summary judgment was appropriate because the Powers and Dr. Hensley lacked standing. The chancellor concluded that Dr. Hensley did not have standing to contest the 1998 will because he became divorced from Ellen in 1997. As a result of the divorce, Dr. Hensley signed a property settlement agreement in which he waived and relinquished any right or claim to receive a share of Ellen's estate or to serve as executor. In addition, the chancellor found that the Powers were not "interested parties" under Miss. Code Ann. § 91-7-23 (Rev.1994) because they stood to receive exactly the same bequest whether they took under Ellen's first or second will. Therefore, the court concluded they were not detrimentally affected by the 1998 will.
¶ 9. The Powers and Dr. Hensley argue that the chancellor reached an erroneous conclusion because, under Miss.Code Ann. § 91-7-25 (Rev.1994) they are interested parties. The Powers and Dr. Hensley have misinterpreted the language of Miss. Code Ann. § 91-7-25 (Rev.1994). While it is true that in all "proceedings to contest the validity of a will, all persons interested in such contest shall be made parties," this language does not address an individual's actual standing to contest a will. Instead, Mississippi Code Annotated § 91-7-23 (Rev.1994) starts by stating, "Any person interested may ... by petition or bill contest the validity of the will probated...." The Mississippi Supreme Court has addressed the issue of what interested parties actually have standing to contest a will in Ritter v. Johnson, 239 Miss. 427, 433, *206 123 So.2d 617, 619 (1960). The Mississippi Supreme Court held that a beneficiary under another will of the same testator generally has a sufficient interest to contest the probate of the will in question, except if the other will that is claimed to have been revoked, or the will in question bequeaths or devises him/her the same or larger amount than the other will. Id.
¶ 10. The law as stated in Ritter was relied upon by the chancellor when he held that the Powers did not have standing. In this case, we are not dealing with a contest to only one will, but the Powers intended to contest the validity of both of Ellen's wills. In the chancellor's order granting summary judgment, he failed to acknowledge the Powers's challenge to Ellen's first will. If the Powers successfully challenged both wills, they would stand to take more under intestate succession than under either will. Therefore, the Powers do have a potential financial interest to protect. Consequently, we determine that the Powers have standing to contest the wills and that the chancellor erred when he concluded that they did not. However, Dr. Hensley's situation is different than that of the Powers.
¶ 11. Prior to the execution of the second will, Ellen and Dr. Hensley were divorced. In the property settlement agreement, Dr. Hensley waived and relinquished any right or claim to receive a share of Ellen's estate. Having done so, he does not meet the definition of an "interested party" under Miss.Code Ann. § 91-7-23 (Rev.1994) and lacks standing to contest the wills. Accordingly, summary judgment was properly entered as to Dr. Hensley.
¶ 12. Regarding the Powers, the trial judge abused his discretion and prematurely granted the motion for summary judgment. Accordingly, we reverse and remand this case for discovery. Since we are reversing and remanding this case, it is not necessary to address whether the chancellor made proper findings of fact and conclusions of law in his order for summary judgment.
¶ 13. With the remaining issues, we note that the Powers noticed a hearing for a motion to disqualify the executrix; however, nothing in the record shows that the motion was ever presented or ruled upon by the chancellor. Consequently, we are procedurally barred from reviewing the issue. Gordon v. McDonald, 743 So.2d 1029, 1032(¶ 13) (Miss.Ct.App.1999). Also, concerning the consolidation of Ellen's estate with the pending proceedings regarding alimony payments from her property settlement with Dr. Hensley, we find that this issue was never presented to the chancellor for a ruling. Therefore, this issue is also procedurally barred from review by this Court. Gordon, 743 So.2d at 1032 (¶ 13).
¶ 14. THE JUDGMENT OF THE CHANCERY COURT OF THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY ENTERING SUMMARY JUDGMENT AGAINST DR. HENSLEY IS AFFIRMED AND THE JUDGMENT ENTERED AGAINST THE POWERS IS REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR. THOMAS, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. IRVING, J., NOT PARTICIPATING.