# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CA-00488-COA

**VICTOR DAREN FROEMEL**                                       **APPELLANT**

**v.**

**ESTATE OF MARY LOU FROEMEL,**                               **APPELLEES**
**DECEASED, DANNY WILLIAMS, EXECUTOR,**
**KAREN COLE, DISABLED VETERANS OF**
**AMERICA, AND CHARLIE MCNEAL**

| | |
|---|---|
| DATE OF JUDGMENT: | 03/15/2017 |
| TRIAL JUDGE: | HON. PERCY L. LYNCHARD JR. |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | DAVID MARK SLOCUM JR. |
| ATTORNEYS FOR APPELLEES: | TAYLOR D. BUNTIN III |
| | JOHN THOMAS LAMAR JR. |
| | TAYLOR ALLISON HECK |
| | DISABLED VETERANS OF AMERICA |
| | (PRO SE) |
| NATURE OF THE CASE: | CIVIL - WILLS, TRUSTS, AND ESTATES |
| DISPOSITION: | AFFIRMED - 05/08/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., CARLTON AND WESTBROOKS, JJ.**

**LEE, C.J., FOR THE COURT:**

¶1.     In this will-contest case, we must decide whether the chancery court properly granted

summary judgment in favor of the beneficiaries.  Finding no error, we affirm.

## FACTS

¶2.     On June 10, 2014, Mary Lou Froemel, a resident of DeSoto County, Mississippi,

executed her last will and testament.  She was seventy-five-years old, widowed, and had one

adult son, Victor "Daren" Froemel, who lived in Illinois.  According to affidavit testimony

from John T. Lamar Jr., the attorney who drafted the will, Mary Lou did not get along with Daren, and they had numerous disagreements during the time leading up to the execution of her will. Lamar's affidavit stated that Mary Lou had told him that Daren attempted to "have her committed on a couple of occasions" and that "she was extremely mad at her son to the point that she came in and met with me and made the will."

¶3.    When she executed the will, Mary Lou initialed each page and signed it. The will contained an attestation clause with the signatures of two witnesses: Lamar and his secretary, Judy W. Payne. Lamar and Payne also executed an affidavit which stated that Mary Lou had signed the will in their presence, and that they had signed the will in the presence of each other and Mary Lou. The attestation clause and affidavit also stated that Mary Lou declared the will to be her last will and testament, and the affidavit stated that Mary Lou was "then of sound, disposing mind and memory."

¶4.    On December 29, 2015, Mary Lou died, and her will was admitted to probate in the DeSoto County Chancery Court on January 5, 2016. In her will, Mary Lou left $20,000 to her friend Karen Cole; $20,000 to the Disabled Veterans of America; and the residue of her estate in trust for the benefit of Charlie McNeal, for the remainder of his natural life. McNeal had performed some house-repair and yard work for Mary Lou and drove her on a few occasions when she had broken her ankle. Upon McNeal's death, any remaining assets in trust were to go to Mary Lou's grandson, Maxwell Lee Froemel—Daren's son.

¶5.    On February 19, 2016, Daren filed a will contest, alleging that Mary Lou lacked testamentary capacity at the time she executed the will. On September 13, 2016, Daren's

counsel propounded discovery to counsel for Mary Lou's estate and received answers on January 11, 2017. Then, on January 24, 2017, Cole and McNeal (the beneficiaries) filed a motion for summary judgment, which was joined by the Estate through its executor, Danny Williams, arguing that Mary Lou possessed testamentary capacity at the time she executed the will at issue, that there was no genuine issue of material fact, and that summary judgment should be granted. Attached to the beneficiaries' motion for summary judgment were affidavits from four individuals: Cole, McNeal, Lamar, and Payne, testifying as to Mary Lou's strong mental capacity at the time she executed the will.

¶6. Daren responded to the motion, stating that discovery revealed Mary Lou had been hospitalized from May 21, 2014 through May 25, 2014 for altered mental status, and on June 10, 2014—the day she executed her will—she held prescriptions for twenty-two medications, including morphine. Daren argues that because of the recent hospitalization for altered mental status and the possession of multiple prescriptions, there was a genuine issue of fact regarding whether Mary Lou possessed testamentary capacity. Apart from this response, Daren did not submit any affidavits or other evidence in support of his opposition to summary judgment.

¶7. Following a hearing on the motion, the chancellor granted the beneficiaries' motion for summary judgment. Daren now appeals.

## STANDARD OF REVIEW

¶8. This Court reviews the grant of summary judgment under a de novo standard. *Donovan v. Burwell*, 199 So. 3d 725, 729 (¶10) (Miss. Ct. App. 2016) (citing *Evans v.*

3

*Howell*, 121 So. 3d 919, 922 (¶14) (Miss. Ct. App. 2013)). Under Mississippi Rule of Civil Procedure 56(c), summary judgment should be granted to the party seeking it, "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." We review the evidence in the light most favorable to the nonmoving party. *Donovan*, 199 So. 3d at 729 (¶10). However, the party opposing summary judgment "may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." M.R.C.P. 56(e). "If he does not so respond, summary judgment, if appropriate, shall be entered against him." *Id.*

**DISCUSSION**

**I.     Testamentary Capacity**

¶9.     Daren argues that the trial court erred when it granted the beneficiaries' motion for summary judgment on his will-contest claim. He claims that because Mary Lou had been hospitalized for altered mental status a few weeks prior to executing the will and held prescriptions for twenty-two medications, "[c]learly a genuine issue of material fact exists as to [Mary Lou's] testamentary capacity at the time of the execution of her will . . . ."

¶10.    "The question of 'devisavit vel non' ('will or no will') is the primary issue in a will contest, and under [Mississippi Code Annotated section] 91-7-19 (1972), either party to a will contest has an automatic right to a jury trial, unless no genuine issues of material fact have been presented in the pleading stage and a motion for summary judgment is properly

4

granted." *In re Estate of High*, 19 So. 3d 1282, 1290 (¶34) (Miss. Ct. App. 2009) (quoting *Power v. Scott*, 837 So. 2d 202, 205 (¶7) (Miss. Ct. App. 2002)). Accordingly, summary judgment may be granted in a will-contest case where there are no genuine issues of material fact presented at the pleading stage. *Id.* On a summary judgment motion, "[t]he movant and non-movant bear the burdens of production corresponding to the burdens of proof they would bear at trial." *Collier v. Trustmark Nat'l. Bank*, 678 So. 2d 693, 696 (Miss. 1996) (quoting *Skelton v. Twin County Rural Elec. Ass'n*, 611 So. 2d 931, 935 (Miss. 1992)).

¶11. "For a will to be valid, the testator must possess testamentary capacity." *In re Estate of Gardner v. Gardner*, 228 So. 3d 921, 926 (¶21) (Miss. Ct. App. 2017) (quoting *Noblin v. Burgess*, 54 So. 3d 282, 291 (¶32) (Miss. Ct. App. 2010)). To possess testamentary capacity, the individual must be of "sound and disposing mind." *Id.* (quoting Miss. Code Ann. § 91-5-1 (Rev. 2013)). "Testamentary capacity is determined based on three factors: (1) whether the testator had the ability at the time of the will to understand and appreciate the effects of his act; (2) whether the testator had the ability at the time of the will to understand the natural objects or persons to receive his bounty and their relation to him; and (3) whether the testator was capable of determining at the time of the will what disposition he desired to make of his property." *Id.* (quoting *In re Estate of Laughter*, 23 So. 3d 1055, 1061 (¶20) (Miss. 2009)). "The key to testamentary capacity is mental competency at the time the will is made." *Id.* (quoting *Lee v. Lee*, 337 So. 2d 713, 715 (Miss. 1976)).

¶12. The supreme court has explained the burden of proof regarding testamentary capacity as follows:

> At trial, the will's proponents carry the burden of proof, which they meet by the offering and receipt into evidence of the will and the record of probate. A prima facie case is made by the proponent solely by this proof. Afterwards, although the burden of proof remains on the proponents, the burden of going forward with proof of testamentary incapacity shifts to the contestants, who must overcome the prima facie case. The proponents may then present rebuttal proof if necessary.

*In re Estate of Phelps v. Phelps*, 180 So. 3d 835, 839 (¶16) (Miss. Ct. App. 2015) (quoting *In re Estate of Rutland v. Rutland*, 24 So. 3d 347, 351 (¶10) (Miss. Ct. App. 2009)).

¶13. Here, the beneficiaries offered the will, and it was admitted to probate. Thus, they established a prima facie case regarding Mary Lou's testamentary capacity. Additionally, when the beneficiaries moved for summary judgment in response to Daren's contest, they attached four affidavits of individuals that testified as to Mary Lou's mental capacity. At this point, Daren was required to respond to the summary judgment motion with some evidence to rebut the beneficiaries' prima facie case to show a genuine issue for trial. Daren, however, filed an answer in response—and nothing more—in which he reiterated that Mary Lou had been hospitalized for altered mental status and had prescriptions for twenty-two medications. Following the reiteration of these two facts, Daren stated in his response, "Clearly, a genuine issue of material fact exists in regards to the decedent's mental state."

¶14. It is well settled that "[t]he existence of a genuine issue of material fact will preclude summary judgment." *Calvert v. Griggs*, 992 So. 2d 627, 632 (¶11) (Miss. 2008). However, we note that "[a] fact is neither material nor genuinely contested . . . merely because one party proclaims it so." *Suddith v. Univ. of S. Miss.*, 977 So. 2d 1158, 1167 (¶10) (Miss. Ct. App. 2007). "The mere allegation or denial of material fact is insufficient to generate a

6

triable issue of fact and avoid an adverse rendering of summary judgment." *Kaigler v. City of Bay St. Louis*, 12 So. 3d 577, 583 (¶27) (Miss. Ct. App. 2009) (internal quotation marks omitted) (quoting *Palmer v. Biloxi Reg'l Med. Ctr. Inc.*, 564 So. 2d 1346, 1356 (Miss. 1990)). "More specifically, the plaintiff may not rely solely upon the unsworn allegations in the pleadings, or arguments and assertions in briefs or legal memoranda." *Id*.

¶15.　In the instant case, Daren rested upon the mere allegations in his pleadings and summarily concluded there was a genuine issue of material fact. While Mary Lou's hospitalization and prescriptions the month prior to the execution of her will may have been important facts in this case, there was no evidence of a genuine issue of material fact—namely, that Mary Lou lacked testamentary capacity as determined by the three relevant factors at the time she executed her will. Daren offered no testimony by affidavit, deposition, or otherwise regarding Mary Lou's testamentary capacity. Our supreme court has offered the following in response to a nonmovant's failure to appropriately respond to a summary judgment motion:

> [W]e wish to make it clear that this Court intends to enforce Rule 56(e), which requires affidavits or other evidence establishing "a genuine issue for trial." Miss. R. Civ. P. 56(e). Those who practice before our trial courts are well advised to respond to summary judgment motions with affidavits, deposition testimony, responses to discovery, and other evidence approved by Rule 56, allowing our trial judges a fair look at whether triable issues of material fact exist. As the rule specifically provides, parties may not simply rely on their pleadings . . . .

*Franklin Collection Serv. Inc. v. Kyle*, 955 So. 2d 284, 291 (¶24) (Miss. 2007).

¶16.　Because the beneficiaries established a prima facie case that the will was valid—and specifically that Mary Lou possessed testamentary capacity at the time of its execution—and

7

Daren failed to rebut the prima facie case with any summary-judgment evidence that there was a genuine issue for trial, the trial court did not err in granting summary judgment.

## II.    Remaining Issues

¶17.    Daren also briefly states that his Fifth and Fourteenth Due Process rights were violated because he was "denied the opportunity to cross examine the individuals presenting affidavits to the court." However, he cites no authority to support this assertion and does not reference the rule which he presumably now seeks the benefit of: Mississippi Rule of Civil Procedure 56(f). "[F]ailure to cite relevant authority obviates the appellate court's obligation to review such issues." *Martin v. State*, 214 So. 3d 217, 223 (¶15) (Miss. 2017). Moreover, Daren did not present this as an issue before the chancery court, and appellate courts "do not sit to determine matters which were not presented to the lower court," including "the haven of [Rule 56(f)]." *MST Inc. v. Miss. Chem. Corp.*, 610 So. 2d 299, 305 (Miss. 1992).

¶18.    **AFFIRMED.**

**IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**