# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2007-CA-00232-SCT

*PATRICIA JONES SPANN, INDIVIDUALLY AND ON BEHALF OF ALL WRONGFUL DEATH BENEFICIARIES OF TIMOTHY SPANN, DECEASED*

*v.*

*GERALD J. DIAZ, JR., P.A., FORMERLY d/b/a CHERRY, GIVENS, PETERS, LOCKETT & DIAZ AND/OR DIAZ, LEWIS & GIDDENS, PLLC*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/15/2006 |
| TRIAL JUDGE: | HON. BOBBY BURT DELAUGHTER |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PHILIP W. THOMAS |
| ATTORNEY FOR APPELLEE: | J. ROBERT RAMSAY |
| NATURE OF THE CASE: | CIVIL - LEGAL MALPRACTICE |
| DISPOSITION: | AFFIRMED  - 07/31/2008 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE SMITH, C.J., CARLSON AND GRAVES, JJ.**

**CARLSON, JUSTICE, FOR THE COURT:**

¶1.     Patricia Jones Spann filed this legal malpractice action against Gerald J. Diaz, Jr., P.A., formerly d/b/a/ Cherry, Givens, Peters, Lockett & Diaz and/or Diaz, Lewis & Giddens, PLLC (Diaz) in the Circuit Court for the First Judicial District of Hinds County.  Diaz filed a motion for summary judgment which was granted by the trial court.  Aggrieved, Spann

appeals to us. Finding from the record that the circuit court did not err, this Court affirms the trial court's grant of summary judgment and judgment of dismissal in favor of Diaz.

## FACTS AND PROCEEDINGS IN THE TRIAL COURT

¶2. On April 8, 1994, Timothy Spann, Jr., died in the nursery at Methodist Medical Center after suffering "bronchopneumonia . . . [which] appears to be associated with meconium aspiration." That same year, Patricia Spann, Timothy's mother, contacted attorney Arnold Dyre about filing a medical malpractice lawsuit. On November 30, 1994, Dyre sent a letter containing Timothy's medical records to Gerald J. (Joey) Diaz, Jr. to explore the possibility of the two of them working together on this case on an associated basis. After receiving the letter, Diaz opened a file, assigned the case a file number, and, placed the statute of limitations on the firm's "tickler" system. Eventually the case was assigned to Kenny Womack.

¶3. In order to preserve Spann's claim, on April 8, 1996, Womack filed a one-page complaint asserting wrongful death and medical malpractice in the Circuit Court for the First Judicial District of Hinds County against Methodist Medical Center, Jackson-Hinds Birth Center, Dr. Carl Reddix,[1] and John Does 1 through 10. At this particular time, neither Womack nor Diaz had made contact with Spann. On April 11, 1996, Womack amended his complaint, further detailing the alleged negligent actions. Womack's amended complaint

---

[1]Dr. Reddix was Spann's obstetrician/gynecologist. Dr. Reddix was later voluntarily dismissed from the underlying lawsuit.

named the same defendants as the first complaint filed. Neither complaint named Dr. John E. Rawson as a defendant, even though Dr. Rawson was Timothy's treating neonatologist.

¶4. After receiving an expert opinion from Dr. Corinne A. Walentik that Dr. Rawson was allegedly negligent, Womack filed a Motion for Leave to File Second Amended Complaint to add Dr. Rawson as a defendant. On July 8, 1997, the motion was granted. On July 10, 1997, Dr. Rawson was added to the case in Spann's Second Amended Complaint. In his answer, Dr. Rawson asserted that the statute of limitations had expired in this particular matter, prior to his being added as a defendant.

¶5. On October 9, 1998, a Hinds County Circuit Court jury returned a verdict in favor of Spann in the amount of $1,000,000. Spann's judgment of $1,000,000 was offset by $400,000 due to a settlement with Methodist Medical Hospital; therefore, judgment was entered in Spann's favor in the amount of $600,000. Dr. Rawson appealed this adverse judgment to this Court again, asserting his statute-of-limitations defense. On June 28, 2001, this Court reversed the trial court judgment and rendered judgment in Dr. Rawson's favor on the grounds that the statute of limitations had expired. *Rawson v. Jones*, 816 So. 2d 367 (Miss. 2001).[2] Subsequently, Spann filed a Motion for Rehearing which was ultimately denied on May 23, 2002. *Id*.

¶6. Sometime in May 2005, Spann again contacted Diaz to represent her in a chancery court matter. Diaz informed Spann that his case load was too heavy and he would not be able

---

[2]In the underlying lawsuit, Patricia Spann was Patricia Jones. Sometime prior to today's case, Patricia married and assumed the last name Spann.

to represent her, but he gave her the contact information for John Giddens, an attorney with whom Spann had previously dealt while pursuing her wrongful death/medical malpractice claim. When Spann contacted Giddens on May 25, 2005, Giddens informed Spann that Diaz had been negligent in untimely adding Dr. Rawson as a defendant. Thus, on May 26, 2005, Spann commenced an action against Gerald Diaz, Jr., P.A., formerly d/b/a Cherry, Givens, Peters, Lockett & Diaz, and/or Diaz, Lewis & Giddens, P.L.L.C. in the Circuit Court for the First Judicial District of Hinds County, asserting negligence/legal malpractice, fraudulent concealment, breach of contract, breach of fiduciary duty, and breach of duty of good faith and fair dealing. The basis of Spann's claim was that Diaz committed legal malpractice by failing to name certain defendants, particularly Dr. Rawson and the Newborn Group, in her wrongful death/medical malpractice action, relating to the death of Timothy, before the applicable statute of limitations had run.

¶7. On August 15, 2005, Diaz filed an Answer including the affirmative defense that the action was time-barred by the statute of limitations. On November 14, 2005, the circuit court entered a scheduling order in which both parties agreed that "[a]ll motions with the exception of motions *in limine* shall be filed with this Court on or before **October 2, 2006**" and that "[t]his matter shall be peremptorily set for trial on **Monday, November 27, 2006**." (Emphasis added). On February 8, 2006, Spann filed a Motion to Allow Filing of First Amended Complaint, which was granted, and Spann filed her First Amended Complaint on April 12, 2006.

4

¶8. On May 9, 2006, Diaz filed his Answer to First Amended Complaint, again asserting the statute-of-limitations defense. On July 19, 2006, Diaz filed a Motion for Judgment on the Pleadings and/or Motion for Summary Judgment, asserting, *inter alia*, that Spann's legal malpractice lawsuit was likewise barred by the statute of limitations and that no attorney-client relationship existed between Spann and Diaz at the time the alleged legal malpractice occurred. Based on Diaz's Motion for Summary Judgment, Judge Bobby B. DeLaughter reviewed various submissions from the parties and heard oral argument. On November 16, 2006, Judge DeLaughter granted Diaz's Motion for Summary Judgment, agreeing that Spann's legal malpractice claim was time-barred because the statute of limitations had run. From this judgment, Spann appeals to us, asserting two issues: (1) whether this Court's decision in *MS Credit Ctr., Inc. v. Horton*, 926 So. 2d 167 (Miss. 2006), applies so as to result in a waiver of the statute-of-limitations affirmative defense asserted by Diaz, and (2) whether the trial court erred by not tolling the applicable statute of limitations based on the fraudulent concealment doctrine. We restate these issues for the sake of today's discussion.

## DISCUSSION

### I.   WHETHER THE TRIAL COURT ERRED BY NOT APPLYING THIS COURT'S DECISION IN *HORTON*.

¶9. As the trial court succinctly stated, cases setting out the appellate standard of review on a trial court's grant or denial of a motion for summary judgment are legion. In *Grisham v. John Q. Long V.F.W. Post, No. 4057, Inc.*, 519 So. 2d 413, 415-16 (Miss. 1988), this Court stated:

5

Miss. R. Civ. P. 56(c) provides, in pertinent part, that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

The motion for summary judgment is the functional equivalent of the motion for directed verdict made at the close of all the evidence, the difference being that the motion for summary judgment occurs at an earlier stage. In deciding the motion, the trial court should view all the evidence – pleadings, depositions, answers to interrogatories, admissions, and affidavits, if any – in the light most favorable to the non-moving party. If, when the evidence is viewed in this light, it is apparent that the moving party is entitled to judgment as a matter of law, the motion should be granted. If not, it should be denied.
. . .
In spite of this requirement of caution in granting summary judgment, this Court has held that the non-moving party must be diligent in opposing the motion for summary judgment. Moreover, in order for summary judgment to be inappropriate, there must be genuine issues of *material* fact; the existence of a hundred contested issues of fact will not thwart summary judgment where none of them is material. A fact issue is material if it tends to resolve any of the issues properly raised by the parties.

We have addressed one particular procedural setting in which summary judgment is often an issue. Where a party opposes summary judgment on a claim or defense as to which that party will bear the burden of proof at trial, and when the moving party can show a *complete failure of proof* on an essential element of the claim or defense, then all other issues become immaterial, and the moving party is entitled to judgment as a matter of law.

519 So. 2d at 415-16 (emphasis in original) (citations omitted). *See also **Richardson v. Norfolk S. Ry.***, 923 So. 2d 1002, 1007 (Miss. 2006). Furthermore, "[t]his Court reviews a motion for summary judgment under a *de novo* standard, and a motion for summary judgment is granted only when the trial court finds that the plaintiff would be unable to prove any facts to support his claim." ***Rawson***, 816 So. 2d at 368 (citing ***Robinson v. Singing River Hosp. Sys.***, 732 So. 2d 204, 207 (Miss. 1999)).

6

¶10.    The trial court granted Diaz's Motion for Summary Judgment; thus dismissing the legal malpractice action against Diaz as being time-barred pursuant to Mississippi Code Annotated Section 15-1-49 (Rev. 2003). Mississippi Code Annotated Section 15-1-49 (Rev. 2003) governs legal malpractice claims. Section 15-1-49 states in pertinent part:

> (1) All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of action accrued, and not after.
>
> (2) In actions for which no other period of limitation is prescribed and which involve latent injury or disease, the cause of action does not accrue until the plaintiff has discovered, or by reasonable diligence should have discovered, the injury.

Therefore, in order for Spann to pursue her legal malpractice claim against Diaz, Spann must show to this Court that she filed her claim within the applicable three-year statute of limitations, or that Diaz waived his statute-of-limitations defense.

¶11.    Spann asserts that this Court's decision in *Horton* applies to support her contention that Diaz waived his statute-of-limitations defense. In *Horton*, this Court stated:

> A defendant's failure to timely and reasonably raise and pursue the enforcement of any affirmative defense or other affirmative matter or right which would serve to terminate or stay the litigation, coupled with active participation in the litigation process, will ordinarily serve as a waiver.

*Horton*, 926 So. 2d at 180 (n. 8 omitted). Spann thus claims that because Diaz did not raise his statute-of-limitations defense in a motion for summary judgment until July 19, 2006, more than a year after Spann commenced this action, and that because Diaz actively participated in litigation by deposing Spann, Diaz waived his affirmative defense. On the

7

other hand, Diaz asserted, and the trial court concluded, that the procedural history in the case at bar is very different from ***Horton***.

¶12.   In ***Horton***, the plaintiff filed an amended complaint on May 5, 2003. ***Id***. The various defendants filed their answers to the plaintiff's amended complaint on May 23, 2003, and July 7, 2003, respectively, asserting their right to compel arbitration. ***Id***. However, the defendants did not file a motion to compel arbitration or otherwise pursue their right to arbitrate until March 22, 2004, eight months following the filing of their amended answers. ***Id***. Additionally, during those eight months, the defendants actively participated in the litigation process by engaging in written discovery and also deposed the plaintiff. ***Id***. This Court ultimately concluded:

> We decline today to set a minimum number of days which will constitute unreasonable delay in every case, but rather we defer such findings for the trial court on a case by case basis. We do hold however that – absent extreme and unusual circumstances – an eight month unjustified delay in the assertion and pursuit of any affirmative defense or other right which, if timely pursued, could serve to terminate the litigation, coupled with active participation in the litigation process, constitutes waiver as a matter of law.

***Id***. at 181 (n. 9 omitted).

¶13.   Diaz initially raised the statute-of-limitations affirmative defense in his answer to Spann's original complaint on August 15, 2005. The trial court entered a scheduling order on November 14, 2005, to which both parties agreed, setting the deadline for the filing of any motions, with the exclusion of motions *in limine*, as October 2, 2006. Diaz claims that, since he filed his motion for summary judgment on July 19, 2006, his motion was timely filed within the appropriate deadline for motions set by the trial court and agreed to by the parties.

8

¶14.   Moreover, on April 12, 2006, Spann filed her First Amended Complaint, after seeking permission from the trial court. On May 9, 2006, Diaz answered Spann's amended complaint again asserting the statute of limitations as an affirmative defense. Seventy-one days later, on July 19, 2006, Diaz filed his motion for summary judgment with the trial court. Therefore, Diaz asserts that his motion for summary judgment was timely and that he did not waive his affirmative defense.

¶15.   Based on the record before us, we agree with Diaz. While substantial and unreasonable delay in pursuing a particular right, coupled with active participation in the litigation process, could constitute a waiver, a delay of seventy-one days in this case did not constitute a substantial and unreasonable delay. As such, we affirm the trial court's finding that Diaz did not waive his right to raise the statute of limitations as an affirmative defense.

## II.   WHETHER THE TRIAL COURT ERRED BY NOT TOLLING THE APPLICABLE STATUTE OF LIMITATIONS BASED ON THE FRAUDULENT CONCEALMENT DOCTRINE.

¶16.   A legal malpractice action accrues when the alleged wrongful act or omission occurs or when "the plaintiff has discovered, or by reasonable diligence should have discovered, the injury." Miss. Code Ann. § 15-1-49 (Rev. 2003). Once a legal malpractice cause of action has accrued, the plaintiff has three years from that date to file his or her lawsuit. Today's lawsuit was originally filed on May 26, 2005. Therefore, if Spann learned or by reasonable diligence should have learned of her cause of action before May 26, 2002, her claim is barred by the statute of limitations.

9

¶17. Spann alleges that the statute of limitations did not begin to run until May 25, 2005, the date that Diaz's former law partner, Giddens, told Spann that Diaz had been negligent in failing to timely name Dr. Rawson and the Newborn Group as defendants in the underlying suit. She claims that Diaz fraudulently concealed material facts from her which prevented her from discovering the negligent acts of Diaz. However, Diaz asserts that Spann's fraudulent-concealment theory fails for three reasons: (1) the doctrine of fraudulent-concealment does not apply to claims, such as the instant claim, that are based on matters of public record; (2) Spann cannot satisfy her burden of proving that Diaz engaged in an affirmative act of concealment or that Spann acted with due diligence in attempting to discover the alleged negligence but was unable to do so; and (3) Spann had all of the information she needed to bring this legal malpractice action prior to her conversations with Giddens; i.e., a non-latent injury.[3]

¶18. Recently, in **Windham v. Latco of Miss., Inc.**, 972 So. 2d 608 (Miss. 2008), we reiterated that when a cause of action has been fraudulently concealed, the applicable statute of limitations is tolled. **Id.** at 613 (citing **Robinson v. Cobb**, 763 So. 2d 883, 887 (Miss. 2000)). Any party who asserts a claim of fraudulent concealment must prove that "(1) some affirmative act or conduct was done and prevented discovery of a claim, and (2) due

---

[3]Additionally, Diaz repeatedly asserts that there was no attorney-client relationship between Spann and himself at the time the statute of limitations expired against Dr. Rawson and the Newborn Group. For the sake of today's discussion, we are going to assume an attorney-client relationship did exist so we may adequately address Spann's cause of action. However, there is no need for us to determine whether there was, in fact, an attorney-client relationship.

diligence was performed on [the party's] part to discover it." ***Channel v. Loyacono***, 954 So. 2d 415, 423 (Miss. 2007) (quoting ***Stephens v. Equitable Life Assur. Soc'y of U. S.***, 850 So. 2d 78, 84 (Miss. 2003)).  With this law in mind, we return to the facts of today's case.

¶19.    It is undisputed that this Court handed down ***Rawson*** on June 28, 2001, holding that Spann's claims against Dr. Rawson were time-barred, and later denied Spann's motion for rehearing on May 23, 2002.  This Court explicitly stated numerous times that Dr. Rawson should have been added at the outset of the litigation.  Specifically, this Court stated:

> Jones did have all of the *facts* she needed to institute legal proceedings against Dr. Rawson shortly after the death of the baby.  In ***Bean v. Broussard***, 587 So. 2d 908 (Miss. 1991), we stated that a medical expert is not necessary merely to institute legal proceedings. . . .
> Thus, while Jones may have preferred to have a medical expert prior to filing a lawsuit against Dr. Rawson, it was not necessary based on these particular facts. . . .
>
> The supposed fictitious party unknown to the plaintiffs was the only doctor known from day one. . . .
>
> The expert opinion added nothing new to her complaint.  She already knew, or with reasonable diligence should have known, the identity of the parties who rendered medical services to her son.  The only thing Jones lacked was the will to sue Dr. Rawson.[4]

***Rawson***, 816 So. 2d at 370-71 (emphasis in original).  Thus, Spann had a known injury as of May 23, 2002, when the motion for rehearing in ***Rawson*** was denied by this Court.  "The would-be plaintiff need not have become absolutely certain that he had a cause of action; he

---

[4]***Rawson*** was handed down prior to the Legislature's enactment of Chapter 2, Section 6, Laws, 2002, 3rd Extraordinary Session, effective from and after Jan. 1, 2003 (codified as Mississippi Code Annotated Section 11-1-58).

11

need merely be on notice – or *should* be – that he should carefully investigate the materials that suggest that a cause of action probably or potentially exists." ***First Trust Nat'l Ass'n v. First Nat'l Bank of Commerce***, 220 F.3d 331, 336-37 (5th Cir. 2000) (emphasis in original). While another lawyer had not specifically told Spann that Diaz was negligent, such was not required, based on the facts Spann knew or reasonably shown have known.

¶20.    Therefore, because this Court's opinion and denial of a motion for rehearing are public record and Spann had all the information necessary to pursue her claim without being directly told that Diaz was negligent, we find this issue has no merit.

## CONCLUSION

¶21.    For the reasons stated, we affirm the Hinds County Circuit Court's grant of summary judgment and entry of judgment in favor of Gerald J. Diaz, Jr., P. A., formerly d/b/a Cherry, Givens, Peters, Lockett & Diaz and/or Diaz, Lewis & Giddens, PLLC, thus dismissing with prejudice all claims and causes of action asserted by Patricia Jones Spann, Individually and on Behalf of All Wrongful Death Beneficiaries of Timothy Spann, Deceased.

¶22.    **AFFIRMED**.

**SMITH, C.J., WALLER, P.J., EASLEY, GRAVES, DICKINSON, RANDOLPH AND LAMAR, JJ., CONCUR.  DIAZ, P.J., NOT PARTICIPATING.**