JENNIFER WALKER ELROD, Circuit Judge,
dissenting:
I would reverse because doing nothing is not due diligence. The record reflects that, despite obtaining evidence of Guy’s and Brock’s potentially fraudulent conduct, Illinois Central took no action to investigate or pursue its potential claims after August 27, 2004, the date of the Fred Tyler deposition. Illinois Central conceded this point at oral argument, acknowledging that it could not point to “specific actions after August” to demonstrate its due diligence. Pursuant to the Mississippi Code’s three year statute of limitations, Illinois Central was therefore required to sue Guy and Brock no later than August 27, 2007. Illinois Central did not join Guy and Brock in the actions against Willie Harried and Warren Turner until January 17, 2008 and February 4, 2008, respectively. That was too late. The claims against Guy and Brock are time barred.
The majority opinion applies the fraudulent concealment statute to excuse the tardiness of the claims but, in doing so, gives short shrift to Mississippi’s due diligence requirement:
If a person liable to any personal action shall fraudulently conceal the cause of action from the knowledge of the person entitled thereto, the cause of action shall be deemed to have first accrued at, and not before, the time at which such fraud shall be, or with reasonable diligence might have been, first known or discovered.
Miss.Code § 15-1-67 (emphasis added). The Supreme Court of Mississippi has repeatedly held that “[a]ny party who asserts a claim of fraudulent concealment must prove that (1) some affirmative act or conduct was done and prevented discovery of a claim, and (2) due diligence was performed on the party’s part to discover it.”[1] Spann v. Diaz, 987 So.2d 443, 449 (Miss. 2008) (citations, internal quotation marks, and alterations omitted). With regard to the second prong, the movant must demonstrate that “he acted with due diligence in attempting to discover the factual basis for his claims and was unable to do so.” Bullard v. Guardian Life Ins. Co. of America, 941 So.2d 812, 819 (Miss.2006). Thus, “a plaintiff cannot satisfy the due diligence requirement if he had information regarding the claim and failed to take action before the statute of limitations expired.” Trustmark Nat’l Bank v. Meador, 81 So.3d 1112, 1120 (Miss.2012).
Illinois Central was required to act with due diligence through February 4, 2005 in order for its claims to survive the statute of limitations. The record demonstrates, however, that from August 28, 2004 *399 through February 4, 2005 Illinois Central failed to investigate or take any action whatsoever upon the information' in its possession that inculpated Guy and Brock.[2] Such inaction precludes tolling under the Mississippi Supreme Court’s interpretation of § 15-1-67.[3] See Meador; 81 So.3d at 1120; Spann, 987 So.2d at 450; Bullard v. Guardian Life Ins. Co. of America, 941 So.2d 812, 819 (Miss.2006); Sanderson Farms Inc. v. Ballard, 917 So.2d 783, 790 (Miss.2005); see also Boone v. Citigroup, Inc., 416 F.3d 382, 390 n. 11 (5th Cir.2005); Cf. First Trust Nat’l, 220 F.3d at 337-38 (“While fiduciary relationships do often obscure misfeasance on the fiduciary’s part ... the principal of a fiduciary is not thereby permitted permanently and willfully to ignore patent evidence of the fiduciary’s breach so as to delay indefinitely the accrual of an action against the fiduciary. Statutes of limitations exist to protect the courts from indolent claimants as well as defendants from stale claims.”) (emphasis added) (footnote omitted).
The majority opinion glosses over the critical temporal gap between August 28, 2004 and February 4, 2005 by stating that “[e]ven when a litigant has reason to suspect there has been some kind of malfeasance in the conduct of the litigation, he should be permitted to give opposing counsel the benefit of the doubt in the face of repeated assurances of opposing counsel’s good faith and best efforts.” This statement, which is unsupported by any authority, improperly conflates the two prongs of the tolling inquiry under § 15-1-67, thereby creating an unprecedented exception to the Mississippi Supreme Court’s interpretation of the statute. Guy’s and Brock’s assurances of good faith and best efforts, which relate to the first prong’s affirmative act of concealment requirement, do not *400 offset or lessen Illinois Central’s burden to satisfy the due diligence prong.
I respectfully dissent.

. The record reflects that Illinois Central possessed information in 2004 that seriously inculpated either Guy's and Brock’s clients or Guy and Brock themselves in fraudulent conduct directed towards Illinois Central. First, Illinois Central learned in early 2004 that Turner, Harried, and another Eakins plaintiff, Fred Tyler, had all failed to disclose their prior participation in the Cosey litigation. Second, in June 2004, Illinois Central informed the Mississippi court that it had concerns about "systemic problems” regarding disclosures (or lack thereof) made by the Eakins plaintiffs. Third, despite Guy’s and Brock’s March 29, 2004 agreement to provide Illinois Central with their procedures for ensuring that their clients reported accurate information, Guy and Brock never delivered said procedures. Fourth, Guy and Brock prematurely terminated Illinois Central’s August 27, 2004 deposition of Tyler before Illinois Central could inquire about Tyler’s non-disclosure of his connection to Cosey. The foregoing facts, taken collectively, demonstrate that Illinois Central was on notice in 2004 that a cause of action potentially existed against Guy and Brock. See also Spann, 987 So.2d at 450 (“The would-be plaintiff need not have become absolutely certain that he had a cause of action; he need merely be on notice — or should be — that he should carefully investigate the materials that suggest that a cause of action probably or potentially exists.” (quoting First Trust Nat’l Ass’n v. First Nat'l Bank of Commerce, 220 F.3d 331, 336-37 (5th Cir.2000))). Even the majority opinion observes: ”[a]rguably, Guy and Brock’s failure to supply the promised letter describing their procedures and their refusal to allow Illinois Central’s attorneys to complete Tyler’s deposition should have raised suspicion that Guy and Brock were concealing wrongdoing.”

. Assuming Illinois Central truly did not suspect Guy and Brock of wrongdoing until it deposed Harried on May 15, 2007, as it alleges, Illinois Central’s subjective viewpoint is irrelevant for the purposes of our tolling inquiry. "The proper test is whether a reasonable person similarly situated would have discovered potential claims.” Whitaker v. Limeco Corp., 32 So.3d 429, 436 (Miss.2010) (citation and internal quotation marks omitted). Given the facts discussed in footnote 2, supra, Illinois Central’s failure to suspect Guy and Brock of wrongdoing in 2004 was objectively unreasonable.