# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60733
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 18, 2015

Lyle W. Cayce
Clerk

ROBERT LEHMAN,

       Plaintiff - Appellant

v.

BYRD & WISER; NICHOLAS VAN WISER,

       Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:13-CV-202

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:*

       Plaintiff–Appellant Robert Lehman appeals the district court's order granting summary judgment in favor of Defendants–Appellees Byrd & Wiser and Nicholas Van Wiser. The district court granted summary judgment on Lehman's legal negligence action because it determined that the claim was

---

      * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60733

barred by the applicable statute of limitations.  For the following reasons, we AFFIRM.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Robert Lehman, a Louisiana attorney, hired Nicholas Van Wiser to represent him in a lawsuit involving a contractual dispute that he hoped to file in Mississippi.  In July 1999, Wiser filed a complaint in the Chancery Court of Hancock County, Mississippi (the "Chancery Court Action") on behalf of Lehman and two other plaintiffs.  The defendants in the Chancery Court Action filed an answer on September 28, 1999.  In the months following the filing of the complaint in Chancery Court, Lehman stressed to Wiser the need for "immediate and forceful measures."  After the defendants in the Chancery Court Action failed to satisfactorily respond to discovery requests, Wiser filed a Motion to Compel Discovery on January 24, 2000.

Apparently unsatisfied with Wiser's representation up to this point, Lehman sent a letter to Wiser on March 1, 2000 (the "March 1st Letter").  The letter states that Lehman had "attempted to contact [Wiser] repeatedly by telephone but . . . none of [the] attempts [were] successful and [the] calls remain unreturned."  The letter further states that Lehman had "received virtually no information on the status of [the Chancery Court Action]" and that the "situation of no progress or communication seems to have deteriorated rather than improved."  The letter notes that the "crucial need to act quickly was stressed over and over," when Wiser was hired.  Finally, the letter makes clear that Lehman was "unaware of any aggressive action which has been taken to protect our interests" and that "[a]ny advantage which could have been obtained by having a hearing conducted . . . has been irrevocably lost."

Wiser does not appear to have directly responded to the allegations contained in the March 1st Letter.  Instead, Wiser sent Lehman on March 2, 2000, correspondence enclosing discovery responses from the defendants in the

2

No. 14-60733

Chancery Court Action.  Next, on March 13, 2000, Wiser sent Lehman a letter notifying him of a hearing on a Motion to Compel Discovery responses.  Finally, on April 4, 2000, Wiser sent a letter to Lehman enclosing a copy of interrogatory answers submitted by the defendants.  The record does not reflect any further communication between Lehman and Wiser for nearly ten years.  The docket in the Chancery Court Action indicates that no further recorded action was taken in the case after April 5, 2000.

On March 29, 2010, Lehman sent Wiser a letter noting that Wiser had "been representing [Lehman and the co-plaintiff] in connection with the [Chancery Court Action]."  The letter states that Lehman and his co-plaintiff had "not received any communications from you in quite a long time."  The letter notes that they would "like to move this matter to a conclusion" and requests that Wiser "advise what we need to do to have this case set for trial."  On April 28, 2010, Lehman sent another copy of his March 29, 2010 letter to Wiser.  Wiser did not reply to either communication.

On July 1, 2010, Lehman filed a complaint against Wiser with the Mississippi Bar alleging that Wiser had refused to communicate with him, had neglected the case, and had failed to protect his rights.  On July 30, 2010, Wiser filed an answer with the Mississippi Bar, which responded to the allegations made by Lehman and noted that his file on the Chancery Court Action "had been closed for some time."  The Mississippi Bar ultimately dismissed the complaint made against Wiser.

On April 26, 2013, Lehman filed a complaint in the United States District Court for the Southern District of Mississippi, alleging that Wiser and his law firm, Byrd & Wiser, had breached "a duty to exercise the skill and knowledge ordinarily possessed by attorneys" by failing to provide competent representation and by breaching their duties of loyalty and trust.  On September 16, 2014, the district court granted the Appellees' Motion for

No. 14-60733

Summary Judgment on the basis of Lehman's failure to bring the action within the applicable three-year statute of limitations period. Lehman timely appealed.

## II.  STANDARD OF REVIEW

This court reviews a district court's grant of summary judgment de novo, applying the same standard that was applied by the district court below. *Rogers v. Bromac Title Servs., L.L.C.*, 755 F.3d 347, 350 (5th Cir. 2014). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine dispute as to a material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Rogers*, 755 F.3d at 350 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Summary judgment may not be defeated by "conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007) (internal quotation marks omitted).

## III.  DISCUSSION

In Mississippi, the statute of limitations for legal negligence actions is contained in Miss. Code Ann. § 15-1-49. *Smith v. Sneed*, 638 So. 2d 1252, 1254 (Miss. 1994). That statute provides that "[a]ll actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after." Miss. Code Ann. § 15-1-49. "[T]he statute of limitations in a legal malpractice action properly begins to run on the date the client learns or through the exercise of reasonable diligence should learn of the negligence of his lawyer." *Smith*, 638 So. 2d at 1253; *see also Channel v. Loyacono*, 954 So. 2d 415, 421 (Miss. 2007) (reaffirming that the statute of limitations begins to run in a legal negligence action when "the client learns or through the exercise of reasonable diligence should learn of the

4

negligence of his lawyer" (internal quotation marks omitted)).    A potential plaintiff "need not have become absolutely certain that he had a cause of action; he need merely be on notice–or *should* be–that he should carefully investigate the materials that suggest that a cause of action probably or potentially exists." *Spann v. Diaz*, 987 So. 2d 443, 450 (Miss. 2008).

After a review of the record, we hold that the district court was correct in determining that Lehman's legal negligence action is barred by the statute of limitations.  Lehman filed his lawsuit in the district court in April 2013, over thirteen years after receiving the final communication from Wiser which related to a routine discovery matter.  Moreover, he waited longer than three years to file a lawsuit after he wrote Wiser in March 2010 and failed to receive a response.  If Lehman had exercised any amount of reasonable diligence he would have learned that Wiser, despite remaining engaged as his attorney, had stopped actively pursuing the Chancery Court Action.  The March 1st Letter makes clear that at the point it was sent Lehman had "received virtually no information on the status of [the] case," and that "[t]he situation of no progress or communication seems to have deteriorated rather than improved." The March 1st Letter indicates that Lehman believed that Wiser had caused him and his co-plaintiff in the Chancery Court Action to irrevocably lose "[a]ny advantage which could have been obtained by having a hearing conducted" quickly.  Given Lehman's appraisal of Wiser's representation in March 2000, we hold that Lehman, through the exercise of reasonable diligence, should have learned of Wiser's alleged negligence far before—and certainly at least three years before—he brought this action.[1]

---

[1] Because we hold, as a matter of law, that an exercise of reasonable diligence would have alerted Lehman to Wiser's potential negligence at least three years before the statute of limitations period had run, we need not determine exactly when Lehman should have been aware of Wiser's negligence.

No. 14-60733

The fact that Lehman heard *nothing* from Wiser after the April 4, 2000 correspondence sent by Wiser further supports our holding.  This is especially so because Lehman is an attorney.  Given that Lehman made clear in the March 1st Letter that he had previously "stressed over and over" the "crucial need to act quickly," a complete lack of communication regarding the case after April 2000 should have placed Lehman on notice that Wiser may have committed the tort of legal negligence.  If Lehman had conducted even the most perfunctory of investigations, he would have been alerted to the possibility that Wiser had engaged in legal negligence.  However, there is no evidence that Lehman used any sort of reasonable diligence to inquire into his attorney's potential negligence during the period between March 1, 2000, when he sent his first letter, and March 2010, when he sent a letter seeking to have the case set for trial.

Lehman argues that because Wiser never formally withdrew as his attorney, he was entitled to reasonably believe that Wiser was acting in his best interest, despite any lack of communication.  Yet this argument fails to reconcile Lehman's concern with Wiser's representation as evidenced in the March 1st Letter, and Lehman's failure to engage in *any* diligence during the period between April 2000 and March 2010.  Lehman's failure to inquire with Wiser during this ten year period shows that Lehman did not exercise the due diligence required by Mississippi law that would have alerted him to Wiser's potential legal negligence.  Our conclusion is not changed by the fact that Wiser sent Lehman three communications regarding discovery matters in March and April 2000.  Regardless of whether this correspondence ameliorated the concerns Lehman expressed in the March 1st Letter, the complete lack of communication regarding the Chancery Court Action after April 2000 should have alerted Lehman to the need to inquire further with Wiser about the case.

6

No. 14-60733

Accordingly, we hold that Lehman's failure to inquire further was a failure to exercise reasonable diligence for purposes of Miss. Code Ann. § 15-1-49.

## IV.    CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.