# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-01600-COA

**JOSEPH P. DONOVAN**                                                          **APPELLANT**

**v.**

**G. TODD BURWELL, INDIVIDUALLY, AND**                             **APPELLEES**
**LATHAM & BURWELL, PLLC**

| | |
|---|---|
| DATE OF JUDGMENT: | 09/29/2014 |
| TRIAL JUDGE: | HON. FRANK G. VOLLOR |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JOSEPH P. DONOVAN (PRO SE) |
| ATTORNEY FOR APPELLEES: | ALEXANDER FREDERICK GUIDRY |
| NATURE OF THE CASE: | CIVIL - LEGAL MALPRACTICE |
| TRIAL COURT DISPOSITION: | GRANTED SUMMARY JUDGMENT IN FAVOR OF THE APPELLEES |
| DISPOSITION: | AFFIRMED IN PART; REVERSED AND REMANDED IN PART - 01/12/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., ISHEE AND WILSON, JJ.**

**WILSON, J., FOR THE COURT:**

¶1.     Joseph Donovan sued Todd Burwell and Latham & Burwell PLLC (collectively, "Burwell"), alleging that Burwell committed malpractice while representing Donovan in related matters before the Mississippi State Tax Commission ("Tax Commission") and the Internal Revenue Service ("IRS"). The circuit court granted summary judgment because it determined that the statute of limitations had run on any malpractice claim related to the Tax Commission proceeding and that no malpractice could be shown with respect to the IRS proceeding. For the reasons discussed below, we reverse as to the Tax Commission

proceeding but affirm as to the IRS proceeding. Accordingly, the case is and remanded for further proceedings consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

¶2. From 2000 to 2005, Donovan was a shareholder and officer of two ambulance companies, EmergyStat Inc. and EmergyStat of Sulligent Inc. In July 2006, the Tax Commission assessed Donovan over $1 million in unpaid state payroll taxes of EmergyStat Inc., alleging that Donovan was liable for the taxes as a "responsible person."[1] On October 4, 2006, Donovan formally retained Burwell to contest the assessment. The next day, Burwell represented Donovan at a hearing before the Tax Commission's internal Board of Review.[2] On November 15, 2006, the Board of Review entered a written order affirming Donovan's liability but reducing the amount owed to $409,838.39.

¶3. Burwell filed an appeal of the Board's decision to the full Tax Commission on December 22, 2006.[3] However, the deadline to appeal the decision was thirty days after it

---

[1] Under state and federal law, if an employer fails to collect and pay over payroll taxes, penalties may be assessed against a "responsible person," which, in broad terms, means someone who exercises significant authority over the employer's finances. *See generally Barnett v. IRS*, 988 F.2d 1449 (5th Cir. 1993); 26 U.S.C. § 6672(a) (2012); Miss. Code Ann. § 27-7-307(2) (Rev. 2013).

[2] "The Board of Review is composed of employees of the agency appointed to the Board by the Commissioner to hear matters in a quorum of not less than three." *Akins v. Miss. Dep't of Revenue*, 70 So. 3d 204, 208 (¶13) (Miss. 2011); *see* Miss. Code Ann. §§ 27-77-3 & -5 (Rev. 2010, Supp. 2015).

[3] Effective July 1, 2010, the Tax Commission was renamed the Mississippi Department of Revenue, and decisions of the Board of Review are now appealed to the independent Mississippi Board of Tax Appeals. *See* Miss. Code Ann. §§ 27-4-1 to -3 (Rev. 2013).

was entered—December 15. The Tax Commission initially rejected the appeal as untimely, but Burwell was able to persuade the Tax Commission to reinstate the appeal.

¶4. The Tax Commission heard Donovan's appeal on August 15, 2007, and took the matter under advisement. On May 20, 2008, the Tax Commission entered an order affirming the Board of Review. Donovan was unable to post the bond required to perfect his appeal to chancery court. As a result, his appeal was dismissed, and the Tax Commission's ruling was final.

¶5. On August 28, 2007, while the Tax Commission proceeding was pending, the IRS notified Donovan that it intended to assess nearly $1 million in penalties against him based on two EmergyStat companies' failure to pay federal payroll taxes. Burwell agreed to represent Donovan before the IRS, and he mailed a formal protest letter to the IRS on October 26, 2007, three days before the applicable 60-day deadline. However, on January 14, 2008, Burwell learned that the IRS had deemed the protest untimely. On January 15, Burwell sent the IRS a letter challenging the IRS's determination. Burwell's letter attached three affidavits from his employees, each attesting that the protest was timely mailed. Burwell withdrew from the representation in March 2009 because Donovan was not paying his bills. Donovan then retained new counsel.

¶6. On February 1, 2010, the IRS Office of Appeals sustained the assessment of taxes against Donovan because it concluded that his protest was not timely filed. On March 4, 2010, Donovan's new counsel, Harris Barnes, filed a petition challenging the assessment with the United States Tax Court. The IRS moved for summary judgment on the ground that

3

Donovan's protest was untimely. On May 6, 2013, the Tax Court heard argument on the summary judgment motion. During the hearing, the IRS conceded that the protest was timely under Treasury Department regulations,[4] and the Tax Court remanded the case to the IRS Office of Appeals. On remand, Barnes eventually successfully persuaded the IRS to dismiss all assessments against Donovan.

¶7.     On January 7, 2011—while the IRS proceeding was ongoing—Donovan filed a complaint against Burwell in the Hinds County Circuit Court. Donovan alleged that Burwell committed malpractice in both the Tax Commission and IRS proceedings. Burwell removed the case to federal court, but the district court remanded the case for lack of subject matter jurisdiction. Following remand, the circuit court denied a motion to compel arbitration filed by Burwell, determined that Hinds County was not a proper venue, and transferred the case to Rankin County at Donovan's request.

¶8.     On November 5, 2013, Burwell moved for summary judgment, arguing that the statute of limitations barred any malpractice claim related to the Tax Commission proceeding and that the undisputed facts showed that he committed no malpractice in the IRS proceeding. As to the statute of limitations, Burwell's memorandum in support of summary judgment argued as follows:

> The Tax Commission issued its Order upholding its assessment of taxes against Donovan on November 15, 2006. [Burwell] appealed that order which the Tax Commission affirmed on August 15, 2007. Therefore, if Donovan believed he should not have been assessed any taxes but for [Burwell's] representation, any claim Donovan had for malpractice . . . accrued at the earliest of November 15, 2006 and at the latest of August 15, 2007.

---

[4] *See* 26 C.F.R. § 301.7502-1(c)(1)(iii)(B)(1).

4

Burwell's argument contained a critical factual error. As discussed above, the first order referenced was not an order of the full Tax Commission; it was a ruling by the Tax Commission's internal Board of Review. More important, the second date that Burwell referenced—August 15, 2007—is **not** the date on which the Tax Commission entered its order. It is the date on which the Tax Commission held a hearing and took the matter under advisement. The Tax Commission did not enter an order affirming until May 28, 2008. Burwell's reply memorandum repeated this error. As we discuss in greater detail below, Burwell's mistake was material.

¶9. The circuit judge granted Burwell's motion for summary judgment. He concluded that any malpractice claim related to the IRS proceeding failed as a matter of law because the IRS eventually conceded that Burwell timely filed Donovan's protest and later dismissed the federal tax assessment in its entirety. As to the Tax Commission proceeding, the circuit judge's order adopted Burwell's mistake regarding the date of the Tax Commission's order and ruled as follows: "The Plaintiff had until October 4, 2009[5] or at the latest August 15, 2010 to bring a malpractice action. His complaint was not filed until January 7, 2011 and is therefore barred [by the statute of limitations]." After final judgment was entered, Donovan timely appealed.

**ANALYSIS**

¶10. We review a trial court's grant of summary judgment de novo. *Evans v. Howell*, 121

---

[5] This circuit court's ruling also mistakenly relied on the date of the Board of Review hearing (October 5, 2006) rather than the date of its ruling (November 15, 2006). As discussed below, on appeal Burwell's sole argument is that the ruling put Donovan on notice of any malpractice claim, thereby triggering the statute of limitations.

5

So. 3d 919, 922 (¶14) (Miss. Ct. App. 2013) (citing *Williamson ex rel. Williamson v. Keith*, 786 So. 2d 390, 393 (¶10) (Miss. 2001)). We examine all evidence in the light most favorable to the non-moving party. *Id.* However, the non-moving party "may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing there was a genuine issue for trial. If he does not so respond, summary judgment . . . will be entered against him." M.R.C.P. 56(e). When the party opposing summary judgment fails to "'make a showing sufficient to establish the existence of an element essential' to [his] case," summary judgment is appropriate. *Estate of St. Martin v. Hixon*, 145 So. 3d 1124, 1128 (¶7) (Miss. 2014) (quoting *Buckel v. Chaney*, 47 So. 3d 148, 153 (¶10) (Miss. 2010)).

## I. Tax Commission Representation

¶11. Legal malpractice claims must be brought within three years after the claim accrues. Miss. Code Ann. § 15-1-49 (Rev. 2012); *Channel v. Loyacono*, 954 So. 2d 415, 420 (¶13) (Miss. 2007). Donovan filed his malpractice complaint on January 7, 2011; therefore, if his claim accrued prior to January 7, 2008, his claim is barred by the statute of limitations. Burwell argues that Donovan had notice of the alleged malpractice the moment the Board of Review ruled against him on November 15, 2007. We disagree.

¶12. Mississippi applies the discovery rule for legal malpractice actions. *Evans*, 121 So. 3d at 923 (¶19) (citing *Smith v. Sneed*, 638 So. 2d 1252, 1258 (Miss. 1994)). Therefore, "the statute of limitations begins to run on the date that the client learns or, through the exercise of reasonable diligence, should learn of his lawyer's negligence." *Id.* The rule "is applied

6

when the facts indicate that 'it is unrealistic to expect a layman to perceive the injury at the time of the wrongful act.'" *Bennett v. Hill-Boren P.C.*, 52 So. 3d 364, 369 (¶15) (Miss. 2011) (quoting *McCain v. Memphis Hardwood Flooring Co.*, 725 So. 2d 788, 794 (Miss. 1998) (overruled on other grounds)). In other words, "the discovery rule applies when it would be impractical to require a layperson to have discovered the malpractice at the time it happened. This is because requiring a layperson to ascertain legal malpractice at the time it occurs would necessitate the retention of a second attorney to review the work of the first." *Bennett*, 52 So. 3d at 369 (¶15) (citing *Sneed*, 638 So. 2d at 1258).

¶13. In *Spann v. Diaz*, 987 So. 2d 443 (Miss. 2008), the Supreme Court reasoned that the plaintiff should have known of her potential legal malpractice claim on the date that the Court denied rehearing in the underlying litigation handled by her attorney. *Spann*, 987 So. 2d at 449-50 (¶19). In that case, Spann sued Diaz for legal malpractice based on Diaz's failure to name a defendant in the underlying medical malpractice case, Dr. Rawson, prior to the expiration of the applicable statute of limitations. *Id.* at 445 (¶4); *see generally Rawson v. Jones*, 816 So. 2d 367 (Miss. 2001). In the underlying medical malpractice case, Dr. Rawson appealed from a judgment entered on a jury verdict against him. *Spann*, 987 So. 2d at 445 (¶5); *Rawson*, 816 So. 2d at 368 (¶3). The Supreme Court reversed the judgment against Dr. Rawson based on the statute of limitations, and the "Court explicitly stated numerous times that Dr. Rawson should have been added [as a defendant] at the outset of the litigation." *Spann*, 987 So. 2d at 449 (¶19); *see Rawson*, 816 So. 2d at 370 (¶¶9-10). Ironically, when Spann (the plaintiff in *Rawson*) then sued Diaz for legal malpractice, Diaz

7

asserted a statute of limitations defense of his own. *Spann*, 987 So. 2d at 446 (¶7). The Supreme Court agreed that Spann's legal malpractice suit was time-barred because the Supreme Court's opinion and denial of rehearing were "a matter of public record" and "explicitly" highlighted Diaz's error "numerous times." *Id.* at 449-50 (¶¶19-20). Therefore, "Spann knew or reasonably should have known" of her claim on the date that the Supreme Court denied rehearing in the underlying case. *Id.* at 450 (¶19).[6]

¶14.   As discussed above, Burwell successfully persuaded the circuit judge that Donovan's claim accrued either on the date of the Board of Review's ruling or "at the latest" on the date of the full Tax Commission's ruling. The problem, however, is that Burwell and the circuit judge were mistaken as to the date of the Tax Commission's ruling. Donovan filed his complaint within three years of the Tax Commission's ruling. Therefore, if it is the Tax Commission's ruling that triggered the running of the statute, Donovan's claim is not time-barred.

¶15.   Apparently having recognized his (and the circuit judge's) mistake, Burwell has narrowed his argument on appeal. Now Burwell argues only that Donovan's malpractice claim accrued on November 15, 2006, the day the Board of Review upheld its assessment against Donovan. As Burwell puts it, "If Donovan thought he was not liable but for

---

[6] *See also Bennett*, 52 So. 3d at 371 (¶22) (In *Spann*, "[t]his Court found that Spann's legal-malpractice suit was time-barred because the legal negligence was a matter of public record, and in the exercise of reasonable diligence, Spann should have discovered Diaz's negligence at the time this Court denied Spann's motion for rehearing of the decision barring her suit against Rawson. The Court noted that the *Rawson* decision specifically stated the reasons for finding that the statute of limitations had expired and strongly implied that Diaz had been at fault." (citation omitted)).

[Burwell's] representation, Donovan knew he had a claim against [Burwell] on November 15, 2006, the moment he 'lost.'"

¶16. Burwell first represented Donovan regarding his state tax liability on October 5, 2006, at a hearing before the Tax Board. The Board issued its ruling against Donovan on November 15, 2006. The ruling read, in its entirety, as follows:

> The Review Board, after having been duly petitioned in writing as provided by the statute, has today heard and carefully considered all the evidence presented by the taxpayer, as recorded in detail in the Minutes of the Review Board, and finds as follows:

> That the Commissioner's Transfer Assessment of Withholding Tax in the amount of $1,115,136.68, to Joseph Donovan, from Emergystat, Inc., account number 63-1138469, is reduced to $409,838.39 and upheld and affirmed as reduced.

Burwell asserts that this brief order was sufficient to put Donovan on notice of any alleged malpractice claim.

¶17. We cannot accept Burwell's argument. Instead, we conclude that "it would be impractical to require a layperson to have discovered" from this order alone that malpractice had already been committed. *Bennett*, 52 So. 3d at 369 (¶15). Under the circumstances, to require him "to ascertain [that] legal malpractice" had already occurred would have "necessitate[d] the retention of a second attorney to review the work of the first." *Id.* Put simply, we do not believe that it is realistic to expect a layperson to read a summary order disposing of complex issues of tax law and from it immediately recognize that he has a malpractice claim. The order of the Board of Review provided no reasons for the decision and is thus a far cry from the Supreme Court opinion at issue in *Spann*, which put the client

9

on notice of possible malpractice because it "explicitly stated numerous times" that her claim failed because of her attorney's delay. *Spann*, 987 So. 2d at 449 (¶19). Nothing in the brief order of the Board of Review provided Donovan with similar notice of possible malpractice.

¶18. We also note that the Board of Review is only an initial stage of review in an administrative process. "The Board of Review is composed of employees of the agency appointed to the Board by the Commissioner to hear matters in a quorum of not less than three." *Akins v. Miss. Dep't. of Revenue*, 70 So. 3d 204, 208 (¶13) (Miss. 2011). Hearings before the Board are informal. *See* Miss. Code Ann. § 27-77-5(3) (Supp. 2015). Thus, on November 15, 2007, all that Donovan had in hand was the summary decision of Tax Commission employees sustaining taxes assessed by their own agency for reasons that were not disclosed by the order. We are unable to say that such an order should have put Donovan on notice of possible malpractice.

¶19. The dissent[7] asserts that the Board of Review's order was sufficient—by itself and as a matter of law—to put Donovan on notice of attorney malpractice.[8] But the dissent does not say how or why. As we have explained, the Board's *one-sentence* order, which we quote in full above, provided Donovan with no understanding of the reasons for the Board's ruling

---

[7] The dissenting opinion concurs in part but dissents in relevant part. For ease of reading, we refer to it here as the dissent.

[8] The dissent also argues that the discovery rule does not apply because the Board's order was not "secretive or inherently undiscoverable." Our Supreme Court has held that the discovery rule tolls the statute of limitations on a legal malpractice claim if the plaintiff satisfies *either* of two *alternative* standards—the "'secret or inherently undiscoverable' standard" *or* the "layman standard." *Evans*, 121 So. 3d at 924 (¶22) (quoting *Channel*, 954 So. 2d at 421 (¶¶19-20)). Donovan argues only that the latter standard applies; therefore, we do not address the former.

and told him nothing more than that the Board had reduced his tax liability by more than $700,000. The dissent does not discuss the order's lack of substance. Nor does it explain *what* in the order it believes would put a non-lawyer on notice of malpractice. The dissent simply asserts that the order provided "sufficient notice." We cannot agree that this one-sentence notification of a partial loss/partial win at an intermediate stage of an ongoing administrative appeal provided notice sufficient to put a layman such as Donovan on notice of possible malpractice by his lawyer.

¶20. We note that the Tax Commission's subsequent order affirming the Board's decision did provide some discussion of the reasons for sustaining the tax assessment. However, because Donovan's complaint was filed less than three years after the Tax Commission's order, the question whether that ruling was sufficient to put Donovan on notice of malpractice is irrelevant to the statute of limitations issue.[9]

¶21. For the foregoing reasons, we reverse and remand the circuit court's grant of summary judgment as it relates to Burwell's representation of Donovan before the Tax Commission.

## II. IRS Representation

¶22. Donovan also alleges that Burwell committed malpractice by failing to adhere to the IRS's "prescribed methods" for filing Donovan's formal protest, which caused him to incur substantial expenses in litigating the timeliness issue. Donovan's second attorney (Barnes) also opines that Burwell's initial factual presentation to the IRS was insufficient, inaccurate,

---

[9] As discussed above, the circuit court considered the issue only because it adopted Burwell's mistake as to the date of the full Tax Commission's ruling. On appeal, Burwell does not rely on the ruling of the full Tax Commission.

and inadequately documented. Barnes essentially claims that he was forced to do additional work, at Donovan's expense, that Burwell should have done at the outset of the case.

¶23. "To recover for legal malpractice, the plaintiff must prove by a preponderance of the evidence the following: '(1) Existence of a lawyer-client relationship; (2) Negligence on the part of the lawyer in handling his client's affairs entrusted to him; and (3) Proximate cause of the injury.'" *Lancaster v. Stevens*, 961 So. 2d 768, 771 (¶8) (Miss. Ct. App. 2007) (quoting *Hickox ex. rel. Hickox v. Holleman*, 502 So. 3d 626, 633 (Miss. 1987), *superseded by rule*, M.R.E. 702, *as recognized in Miss. Transp. Comm'n v. McLemore*, 863 So. 2d 31, 36-37 (¶¶8-9) (Miss. 2003)). In order to show proximate cause, "the plaintiff must show that, 'but for his attorney's negligence, he would have been successful in the . . . underlying action.'" *Id.* In a negligence-based legal malpractice claim, "proof of success in the underlying case is an appropriate test" because "it ensures that attorneys are only held professionally liable where their failures to adhere to the standard of care actually impacted the plaintiff's interests in the case." *Crist v. Loyacono*, 65 So. 3d 837, 843 (¶16) (Miss. 2011).

¶24. Donovan's IRS-related malpractice claim fails because, regardless of how it is framed, he fails to raise a genuine issue of fact as to each essential element of his claim. With respect to Burwell's filing of the protest, the IRS eventually conceded that it was timely filed according to the terms of its own regulation. *See* 26 C.F.R. § 301.7502-1(c)(1)(iii)(B)(1). Though Donovan undoubtedly incurred costs litigating the timeliness issue, the only negligence was committed by the IRS, not Burwell. Accordingly, Donovan failed to create

12

a genuine issue of material fact as to the second essential element of his malpractice claim. *Lancaster*, 961 So. 2d at 771 (¶8).

¶25. With respect to the claim that Burwell committed malpractice by failing to sufficiently and accurately develop the factual basis of Donovan's position, proof of a different essential element is lacking, even with support from Barnes's affidavit. Donovan eventually persuaded the IRS to dismiss all assessments against him. Accordingly, it is clear that he did not incur any federal tax liability as a result of Burwell's allegedly negligent case development. And while there is some evidence to support a claim that Donovan had to pay Barnes to do work that (Barnes says) Burwell should have done at the outset of the case, there is no evidence that Donovan incurred *more* legal fees as a result of the alleged negligence. At best, there is an inference that he paid some amount of fees to Barnes *rather than* to Burwell. Accordingly, as to this version of his IRS-related malpractice claim, Donovan cannot demonstrate any injury proximately caused by the alleged negligence. *Id.*

¶26. In short, Donovan presented two versions of his IRS-related malpractice claim. However, each version failed to create a genuine issue of material fact as to one essential element of the claim. Accordingly, we affirm the circuit court's order granting summary judgment as it relates to any claim of malpractice in connection with Burwell's representation of Donovan before the IRS.

## CONCLUSION

¶27. Under the discovery rule applicable to legal malpractice claims, the Board of Review's November 2007 order did not trigger the statute of limitations. Therefore,

13

Donovan's claim of malpractice based on Burwell's representation of him before the Mississippi State Tax Commission is not barred by the statute of limitations, and we reverse and remand as to that claim. However, Donovan's theories of malpractice in connection with the IRS proceeding fail for lack of proof of negligence or proximate causation. Accordingly, we affirm the circuit court's grant of summary judgment as to the IRS representation.

¶28. **THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT IS AFFIRMED IN PART AND REVERSED AND REMANDED IN PART. ALL COSTS OF THIS APPEAL ARE ASSESSED ONE-HALF TO THE APPELLANT AND ONE-HALF TO THE APPELLEES.**

**IRVING, P.J., BARNES, ISHEE AND FAIR, JJ., CONCUR. CARLTON, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION, JOINED BY LEE, C.J., AND GRIFFIS, P.J. JAMES, J., NOT PARTICIPATING.**

**CARLTON, J., CONCURRING IN PART AND DISSENTING IN PART:**

¶29. I respectfully dissent in part and concur in part. I would affirm the trial court's grant of summary judgment in favor of Burwell as to both malpractice claims asserted by Donovan. Thus, I join the majority in affirming the trial court's grant of summary judgment as to the legal-malpractice claims involving the IRS proceeding. The majority, however, finds that Donovan's claims against Burwell for legal malpractice in the Tax Commission proceeding were not barred by the statute of limitations. I disagree, and I therefore dissent in part. In applying the law to the facts of this case, I find that Donovan's legal-malpractice claim against Burwell, regarding his representation in the Tax Commission proceedings, is barred by the expiration of the applicable statute of limitations.[10]

---

[10] *See* Miss. Code Ann. § 15-1-49 (Rev. 2012) ("All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of

¶30. The statute of limitations for a legal-malpractice claim "begins to run on the date that the client learns or, through the exercise of reasonable diligence, should learn of his lawyer's negligence." *Evans v. Howell*, 121 So. 3d 919, 923 (¶19) (Miss. Ct. App. 2013). The discovery rule, which tolls the statute of limitations in legal-malpractice cases, applies when "the plaintiff will be precluded from discovering harm or injury because of the secretive or inherently undiscoverable nature of the wrongdoing in question, or it may be applied when it is unrealistic to expect a layman to perceive the injury at the time of the wrongful act." *Channel v. Loyacono*, 954 So. 2d 415, 421 (¶19) (Miss. 2007) (internal quotations omitted). The claim of legal malpractice in this case does not arise from "secretive or inherently undiscoverable" evidence, nor is it unrealistic for Donovan, as a "layman," to perceive the injury at the time of the adverse ruling. *See Evans,* 121 So. 3d at 924 (¶22); *Channel*, 954 So. 2d at 421 (¶¶19-20). I submit that Donovan reasonably should have perceived the injury at the time the November 15, 2006 adverse ruling was issued by a public body. *See generally* Miss. Code Ann. § 27-77-5 (Supp. 2015).[11]

¶31. Here, Donovan was on notice of the adverse decision and resulting harm of the order

such action accrued, and not after.").

[11] For a discussion of tax-assessment appeals, see Donald Campbell, Jeffrey Jackson & Mary Miller, 8 Encyclopedia of Mississippi Law § 70:46 (2015), providing:

> A taxpayer who disagrees with an assessment made by the Commissioner may apply for an administrative hearing before the board of review. The board of review is composed of three employees of the State Tax Commission appointed by the Commissioner. . . . After reaching a decision, the board of review must notify the taxpayer of its determination [as required by section 27-77-5(3)].

issued by the Tax Commission's internal Board of Review on November 15, 2006, wherein the Board affirmed Donovan's liability and reduced the amount owed to $409,838.39. As stated, legal-malpractice claims accrue when the client perceives the injury, or reasonably should have perceived it, at the time of the negligent act.[12] Legal-malpractice claims must be brought within three years after the claim accrues. In this case, Donovan's legal-malpractice claim against Burwell for representation in the Tax Commission proceedings accrued on November 15, 2006, the date the Tax Commission Board of Review issued its adverse written order. *See generally* Miss. Code Ann. § 27-77-5(3) (Board of Review notifies the taxpayer of its findings by mailing a copy of its order to the taxpayer). Accordingly, the statute of limitations began to run on November 15, 2006, and expired on November 15, 2009. Since Donovan filed his legal-malpractice claim against Burwell for the Tax Commission representation on January 7, 2011, well over a year after expiration of the statute of limitations, then I submit that we must affirm the trial court's grant of summary judgment on that basis. *See Evans*, 121 So. 3d at 925 (¶¶28-30) (finding the cause of action accrued when the client signed the agreement and the terms were on the face of the agreement).

¶32. In the case of *Channel*, 954 So. 2d at 421 (¶¶19-20), the Mississippi Supreme Court held that a legal-malpractice cause of action accrued, and the statute of limitations began to run, when the lawyers presented their clients with settlement offers, and not on a later date,

___

[12] *See Stephens v. Equitable Life Assur. Soc'y of U.S.*, 850 So. 2d 78, 83 (¶16) (Miss. 2003); *see generally Archer v. Nissan Motor Acceptance Corp.*, 633 F. Supp. 2d 259, 262 (S.D. Miss. 2007).

16

when the clients were advised of legal-malpractice claims. The *Channel* court explained that the discovery rule does not toll the statute of limitations unless the harm or injury was secretive or inherently undiscoverable, such as when physical evidence is undiscoverable, "or it may be applied when it is unrealistic to expect a layman to perceive the injury at the time of the wrongful act." *Id.*[13] *See also Stephens*, 850 So. 2d at 83 (¶16) (statute of limitations began to run when plaintiff signed contract); *Archer*, 633 F. Supp. 2d at 269 (The terms "were apparent on the face of the loan documents and with due diligence each could have easily determined that they had not been offered the 'best' rate"; as a result, "[n]either the discovery rule nor the doctrine of fraudulent concealment tolled the statute of limitations."). Since the clients in *Channel* were presented with the settlement offers, they were able to see the terms of the settlement agreement. As a result, the cause of action in *Channel* accrued because the clients knew or reasonably should have known the terms of the settlement and any harm resulting therefrom. *Channel*, 954 So. 2d at 422 (¶¶22-23); *see also Evans*, 121 So. 3d at 924 (¶22).

¶33. After reviewing the record, I find that it reflects that the adverse ruling issued by the Tax Commission Board of Review on November 15, 2006, was not secretive or inherently undiscoverable. Additionally, I submit that the evidence shows that the adverse ruling

---

[13] The application of the discovery rule to toll those claims where the negligence is secretive or inherently undiscoverable, or where "it would be impractical to require a layperson to have discovered the malpractice at the time it happened[,]" is addressed specifically in *Evans*, 121 So. 3d at 923 (¶19).

provided Donovan, as a "layman," with sufficient notice of his claim for legal malpractice.[3]

I therefore dissent in part and concur in part.

**LEE, C.J., AND GRIFFIS, P.J., JOIN THIS OPINION.**

---

[3] Under controlling precedent, a cause of action accrues for legal malpractice when a client learns, or through the exercise of reasonable diligence should learn, of his lawyer's negligence. *Evans,* 121 So. 3d at 923 (¶19); *Channel*, 954 So. 2d at 421 (¶¶19-20).