*982
ON WRIT OF CERTIORARI

KING, Justice,
for the Court:
¶ 1. Cherri Porter’s beachfront vacation home was completely destroyed during Hurricane Katrina. Porter claimed the destruction was the result of a barge, owned by Grand Casino of Mississippi, Inc.-BiIoxi (Grand Casino), breaking free from its moorings and alliding with her home. Because Porter’s all-risk insurance policy excluded from coverage damage caused by water or windstorm, State Farm Fire and Casualty Company (State Farm) denied Porter’s claim. Porter filed suit against the insurance agent who maintained the policy, Max Mullins, against State Farm, and against Grand Casino. The trial court granted summary judgment in favor of each defendant, and the Court of Appeals affirmed. Porter filed a petition for writ of certiorari claiming genuine issues of fact existed as to each defendant, and we granted her petition.
FACTS AND PROCEDURAL HISTORY
¶2. The pertinent facts can be taken from the Court of Appeals opinion:
Porter’s home on East Beach Boulevard, Biloxi, Mississippi, was destroyed during Hurricane Katrina. According to Porter, the destruction occurred when the barge operated by Grand Casino of Mississippi, Inc.-Biloxi came loose from its moorings and allided with her home. Porter made a claim under her “all-risk” homeowner’s insurance policy with State Farm Fire and Casualty Company. But her policy expressly excluded loss caused by wind or water damage — as well as “loss [that] would not have occurred in the absence of [an] excluded event[].” Because any loss' caused by the barge would not have occurred in the absence of an excluded event — specifically the flood of storm surge that broke Grand Casino’s barge from its moorings — State Farm denied coverage.
Porter sued State Farm for bad-faith denial of coverage and negligence in issuing her policy. She included a claim against State Farm agent Max Mullins, alleging Mullins negligently issued her a substandard policy and violated statutory trade practices. Porter also named Grand Casino as a defendant, alleging it had been negligent in its design and maintenance of the barge’s mooring system.
In 2009, State Farm and Mullins succeeded in having the claims against them dismissed on summary judgment. Porter had admitted there was no other explanation for the barge’s movement other than the forces of wind and water. Because the policy clearly and unambiguously excluded loss caused by water, the trial court found State Farm was entitled to a judgment in its favor. And since Mullins had never made contrary representations to Porter, the trial judge found Mullins was also entitled to a judgment in his favor.
Porter appealed. But because the grant of summary judgment in State Farm’s and Mullins’s favor was not a final judgment, as it left pending the claims against Grand Casino, the Mississippi Supreme Court dismissed the appeal ....
In 2012, the Grand Casino was also granted summary judgment in its favor. .... The circuit court found Porter could not establish a jury question over whether Grand Casino failed to meet [its] duty. The undisputed evidence showed the safety measures Grand Casino took were designed to withstand a *983 hurricane equaling in severity the worst hurricane then on record....
With all claims against all defendants disposed of, both the 2009 and 2012 summary-judgment orders became final and appealable. See M.R.C.P. 56(b). Porter timely appealed both judgments.
Porter v. Grand Casino of Mississippi Inc.-Biloxi, 138 So.3d 952 (Miss.Ct.App. May 13, 2014). After the Court of Appeals denied Porter’s motion for rehearing, Porter filed a petition for writ of certiorari with this Court.
¶3. Caesars Entertainment Operating Company, Inc., including its affiliate Grand Casinos of Mississippi, Inc., filed for relief under Chapter 11 of the Bankruptcy Code with the Bankruptcy Court for the Northern District of Illinois. On March 25, 2015, this Court stayed the appeal pursuant to 11 U.S.C. § 362(a). On October 2, 2015, Grand Casino and Porter entered an agreed order to lift the stay for purposes of this appeal.
DISCUSSION
¶ 4. A trial court’s grant or denial of summary judgment is reviewed de novo. Eli Invs., LLC v. Silver Slipper Casino Venture, LLC, 118 So.3d 151, 154 (Miss.2013). Summary judgment is proper “if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” M.R.C.P. 56(c). The evidence is viewed in the light most favorable to the opposing party. Id. The party opposing the motion must be diligent and, by allegations or denials, must set forth specific facts- showing there are genuine issues for trial. Davis v. Hoss, 869 So.2d 397, 401 (Miss.2004).

I, State Farm

¶ 5. The interpretation of an insurance policy is a question of law. Corban v. United Servs. Auto. Ass’n, 20 So.3d 601, 609 (Miss.2009) (citations omitted). Insurance policies are interpreted and construed liberally in favor of the insured. J & W Foods Corp. v. State Farm Mut. Auto. Ins. Co., 723 So.2d 550, 552 (Miss.1998). If the words of an insurance policy are clear and unambiguous, they must be interpreted as written. United States Fid. & Guar. Co., v. Martin, 998 So.2d 956, 963 (Miss.2008).
¶6. Porter had an all-risk homeowner’s insurance policy with State Farm, which covered all risks except those specifically excluded under the policy. See Jeffrey Jackson, Mississippi Insurance Law and Practice § 15:17 (2014). Porter contends that State Farm denied her claim in bad faith, arguing that the barge was the true cause of the destruction of her home and, because loss from debris is not specifically excluded in her insurance policy, State Farm should have covered the loss. However, Porter’s insurance policy clearly stated:
We do not insure under any coverage for any loss which' would not have occurred in the absence of one or more of the following excluded events.... Water Damage, meaning: (1) flood, surface water, waves, tidal water, tsunami, seiche, overflow of a body of water, or spray from any of these, all whether driven by wind or not....
The insurance policy additionally excluded “loss resulting directly or indirectly from windstorm or hail.”
¶ 7. In Corban, the homeowner’s insurance policy excluded loss caused directly or indirectly by water damage but covered loss caused by wind damage. Corban, 20 So.3d 601, 616 (Miss.2009). Hurricane Ka *984 trina damaged the insured’s home, and the insurance company denied, coverage because the policy excluded damage caused by flood and because the policy contained an anticoncurrent cause (ACC) clause which excluded loss caused directly or indirectly by flood, “regardless of any other cause or event contributing concurrently or in any sequence to the loss.” Id. at 612. This Court found that “wind damage that precedes the arrival of the storm surge and damage that happens after the storm surge arrives are separate losses from separate causes....” Id. at 617 (quoting Dickinson v. Nationwide Mut. Fire Ins. Co., 2008 WL 1913957, *6 (S.D.Miss. April 25, 2008)). The wind damage, a covered loss, was not caused directly or indirectly by the storm surge; therefore, this.Court remanded the case to allow, a jury to determine whiph losses were: caused by wind and which losses were caused:by flood. Id.
¶8. The instant case is distinguishable. Under Porter’s policy, State Farm excluded from coverage both loss caused by wind damage and loss caused by water damage. Although Porter’s policy does include an ACC clause, the policy first unambiguously states that any loss that would not have occurred absent water damage is not covered. Porter argues that the expert affidavit she produced specifically states that the home was destroyed by the barge and not by any other means. Yet the, barge, without any other means, could not have allided with Porter’s home. It is illogical to interpret the language “we do not insure under any coverage for any loss which would not have occurred in the absence of ... [w’Jater damage” to mean that debris in a storm surge, which indisputably is an uncovered loss, would be covered when water caused the debris to allide with the property. (Emphasis added.) Loss from waterborne debris cannot occur in the.absence of water..
¶ 9. Further, the insurance policy’s ACC clause states, “[w]e do not insure for such loss regardless of: ... whether other causes acted concurrently or in, any sequence with the excluded event to produce the loss — ” Unlike , the wind damage in Corban, the barge did not act independently to cause loss, but instead operated in conjunction with the storm surge to damage Porter’s home. The application of the ACC clause does not provide a genuine issue of fact.
¶ 10. Porter additionally argues that there is ambiguity because the policy covers loss from impact by a vehicle, and that the barge became a vehicle when it broke free from its moorings. This provision, under, coverage for personal property, expressly states, that vehicles are insured, “except as provided in Section 1 — Losses Not insured.” Section 1 excludes from coverage loss that would not have occurred in the absence, of water. The plain language of the policy states that loss which would not have occurred in the absence of water damage is not covered. Even in construing the language in favor of Porter, this is not ambiguous. The barge was not an independent cause but worked in conjunction with the storm surge to allide with Porter’s home, and the loss of the property would not'have occurred absent water damage. Thus, the loss unambiguously was not covered under Porter’s all-risk policy, and this issue cannot survive summary judgment.

II. Max Mullins

¶ 11. On certiorari, Porter did not argue any error regarding the claims against Mullins. “If an appellant fails to support her ... allegation of error with argument or authority, this Court need not consider the issue.” Christmas v. State, 10 So.3d 413, 423 (Miss.2009) (quoting *985 Pierre v. State, 607 So.2d 43, 48 (Miss.1992)). Therefore, the issue is considered abandoned, and this Court need not address it.

III. Grand Casino

¶ 12. Porter next contends that Grand Casino was negligent in mooring its barge and that the barge wasi the proximate cause of the destruction of her home. The elements of negligence are well-established: duty or standard of care, breach' of that duty or standard, proximate causation, and damages or injury. Lyle v. Mladinich, 584 So.2d 897, 399 (Miss.1991).
¶ 13. It,is undisputed that Grand Casino owed a duty to property owners in close proximity to take reasonable measures to prevent foreseeable injuries in the event of a hurricane. See Eli Invs., LLC v. Silver Slipper Casino Venture, LLC, 118 So.3d 151 (Miss.2013); Bay Point High and Dry, LLC v. New Palace Casino, LLC, 46 So.3d 821, 824 (Miss.Ct.App.2010). This Court next looks to determine whether Porter established a genuine issue of fact as to whether Grand Casino breached this duty.
¶ 14. Porter argues that the instant case is comparable to Eli, in which this Court reversed summary judgment because affidavits produced by each party established a battle of the experts and created genuine issues of fact. Eli, 118 So.3d at 155. After a casino barge was torn from its moorings during Hurricane Katrina and allided with a hotel owned by Eli, Eli filed suit and produced an expert affidavit in answer to summary judgment, stating that Hurricane Katrina’s storm surge was foreseeable in light of prior storm history. Id. at 153, 155. The affidavit was supported by statistics citing storms with surges greater than fifteen feet prior to Katrina. ’ Id. The casino provided an affidavit from an expert who opined that the casino was adequately moored to comply with licensing regula--tions and that the .barge did not break free from its moorings until storm surge reached higher than -fifteen feet. Id. This Court held that there was a-genuine issue of fact as to whether the casino had breached its duty and reversed summary judgment. Id. at 156.
¶15. In’contrast, the Court of Appeals in Bay Point affirmed summary judgment after finding that the expért affidavits failed to establish á material issue of fact as to whether the casino had breached its duty when the barge came loose from its moorings and struck a marina. Bay Point, 46 So.3d at 827. The casino produced an expert affidavit stating that the barge was moored in a manner that exceeded regulation standards. Id. at 824, 825. Bay Point’s expert acknowledged that’ the’ designs met regulation standards but suggested that the standards should be doubled. Id at 825. Bay Point argued that the casino had failed to take additional measures to prevent the barge from coming loose. Id. ’ Th¿ casino submitted a report stating that Hurricane Katrina far exceeded Hurricane Camille in damage to property and produced a storm surge eight to ten feet higher than Camille’s. Id. at 825, 826. The court found that there was no genuine issue of material fact be-caúse the casino had produced evidence that Hurricane Katrina was unforeseeable and that the casino had taken reasonable measures to prevent foreseeable injuries in the event of a hurricane. Id. at 826.
¶ 16. Here, to prove Grand Casino met its duty to take reasonable measures to prevent foreseeable injuries, Grand Casino provided the affidavits of two experts stating that the casino had exceeded the Commission’s licensing regulations by mooring the barge to withstand seventeen-foot tidal surges. Porter did not provide an affidavit from a meteorologist stating that a storm *986 surge óf more than fifteen feet was foreseeable. Although Porter’s sole expert stated that no evidence was produced that Grand Casino had performed annual structural inspections on the moorings, he did not opine that the barge had been torn' free from its moorings as a result. He also did not take the position that the barge came loose before.the tidal surge reached fifteen feet. Porter’s expert merely concluded that no heavy storm mooring plan was submitted, and the. absence of a plan is a deviance from customary practice.[1] However, again, there was no contention that a heavy storm mooring plan would have prevented the casino from coming unmoored during Hurricane Katrina.
¶ 17. Porter did not establish a battle of the experts. An expert affidavit concluding that no evidence was produced showing annual structural inspections or a heavy storm mooring plan fails to establish an issue of material fact as to whether Grand Casino breached its duty to Porter to take reasonable measures to prevent foreseeable injury. Therefore, summary judgment was appropriate on this issue.
CONCLUSION
¶ 18. Because Porter’s all-risk insurance policy unambiguously excluded from coverage loss that would not have occurred absent water damage, no genuine issue of material fact existed as to Porter’s bad-faith denial of coverage claim against State Farm. Additionally, Porter failed to produce sufficient evidence showing a genuine issue of fact as to whether Grand Casino breached its duty to take reasonable measures to prevent foreseeable injury. We affirm the decisions of the trial court and of the Court of Appeals as to all issues.
¶ 19. AFFIRMED.
.WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., LAMAR, PIERCE AND COLEMAN, JJ., CONCUR. KITCHENS, J., DISSENTS WITH SEPARATE WRITTEN OPINION. MAXWELL, J., NOT PARTICIPATING.

. Porter's expert affidavit stated:
[I] was asked to review the annual inspections and heavy storm mooring plan of this Defendant....
[I]t is my expert opinion that no evidence that any annual structural inspections were performed on any marine structures including but not limited to, breasting dolphins, mooring dolphins, bollards, monopoles, floating docks, cells and other mooring devices.
That no heavy storm .mooring plan was submitted by this Defendant and the absence of a plan is a deviance from the customary practice.
Porter's expert did not state that the absence of evidence of structural,inspections or the lack of submission of a heavy storm mooring plan contributed to the barge breaking away from its moorings or that Grand Casino was negligent in maintaining its moorings.