# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CA-01300-COA

WILLIAM A. MCDANIEL AND KIM  APPELLANTS
MCDANIEL

v.

WAYNE E. FERRELL JR. AND LAW OFFICES  APPELLEES
OF WAYNE E. FERRELL JR., PLLC

DATE OF JUDGMENT:                08/25/2016
TRIAL JUDGE:                     HON. HENRY L. LACKEY
COURT FROM WHICH APPEALED:       HINDS COUNTY CIRCUIT COURT,
                                 FIRST JUDICIAL DISTRICT
ATTORNEYS FOR APPELLANTS:        WILLIAM LEE GUICE III
                                 MARIA MARTINEZ
ATTORNEYS FOR APPELLEES:         JAMES WILLIAM MANUEL
                                 MICHAEL LELAND COWAN
NATURE OF THE CASE:              CIVIL - LEGAL MALPRACTICE
DISPOSITION:                     AFFIRMED - 11/21/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE LEE, C.J., GREENLEE AND WESTBROOKS, JJ.**

**LEE, C.J., FOR THE COURT:**

¶1.     In this legal-malpractice appeal, William McDaniel retained attorney Wayne Ferrell Jr. to represent him as a plaintiff in the underlying personal-injury suit after he was electrocuted during the course of his employment. The Jones County Circuit Court dismissed the underlying action for failure to prosecute, and as a result, McDaniel brought a legal-malpractice claim against Ferrell for professional negligence. Ferrell moved for summary judgment, which the Hinds County Circuit Court granted, finding that McDaniel was the sole proximate cause of his injury in the underlying action, and thus could not succeed in the

legal-malpractice suit. McDaniel now appeals. Finding no error, we affirm.

**FACTS AND PROCEDURAL HISTORY**

¶2.     McDaniel was employed with the Federal Aviation Administration (FAA) as an air-traffic-system specialist and was assigned to the Jackson International Airport. On September 18, 2006, McDaniel was electrocuted while replacing a blown fuse at Runway 16L. As a result, he was permanently injured and disabled so that he could no longer engage in his employment with the FAA.

¶3.     McDaniel engaged the legal services of Ferrell to represent him in a lawsuit to recover damages for his injury. On July 9, 2007, McDaniel met with Ferrell and created a memo detailing the events and circumstances leading up to his electrocution. In this memo, McDaniel described that for several months leading up to the day of his injury, the airport lost power to the approach lights on the runway every time it rained. This required McDaniel, who was often "on call," to come in and change the blown fuse to restore the system. McDaniel attributed the blown fuses to the recent, faulty electrical work performed on the system. McDaniel noted that he usually had help in changing the blown fuse, and that he and his partner would "double check to make sure all power was off." However, on the day of the incident, his partner was on vacation, and McDaniel restored the system alone. He recounted that he was under great pressure to fix the system, and the high-voltage transformer was live with electricity and "went unnoticed" so that he did not power it off. As a result, when McDaniel attempted to change the fuse, he came into contact with a live wire and was electrocuted.

2

¶4. According to McDaniel, he met with Ferrell and discussed the strengths and weaknesses of his case, and Ferrell told him that his case was a comparative-negligence case. In September 2009, Ferrell filed suit on behalf of McDaniel against Howard Industries Inc., Godfrey Systems International Inc., G.S.I. Inc., and The B.F. Goodrich Company (Goodrich). The complaint asserted that the electrical systems and services provided by the named defendants were defective and unreasonably dangerous, and were a contributing proximate cause of the accident and McDaniel's injuries. An amended complaint was later filed to include McDaniel's wife's complaint for loss of consortium.

¶5. In February 2010, Goodrich and Howard Industries filed answers, and Goodrich also served discovery requests. Goodrich obtained the FAA Accident Investigation Report, which confirmed that the particular fuse at issue had failed twice in the few months prior to the day of McDaniel's electrocution. The report also identified an issue with the installation causing increased voltage and fuse failure during a lightning storm and found that the electrical-system configuration was in violation of the National Electrical Code. Beyond this, little discovery or other action took place.

¶6. In May 2011, the Jones County Circuit Court issued a notice of dismissal, advising that there had been no action in the case in the preceding twelve months. In response, Ferrell filed a motion for a trial setting, but the motion was never set for a hearing. In June 2011, Goodrich moved to dismiss, stating that no action had taken place for thirteen months, discovery had not been answered, and only two of the four defendants had responded to the complaint. In May 2013, nearly four years after the complaint was filed, the circuit clerk

3

issued a second notice of dismissal. Goodrich then filed a motion to dismiss for failure to prosecute, which was joined by Howard Industries shortly after. A hearing was held on the motion to dismiss, at which Ferrell admitted he had not discovered any evidence to support the allegations in the complaint. Ultimately, the circuit court granted the motion, finding that Ferrell's admission, in addition to the pattern of delay and two notices of dismissal, warranted dismissal with prejudice. Ferrell did not appeal the circuit court's decision.

¶7. McDaniel and his son met with Ferrell to discuss the dismissal, and Ferrell explained that he was unable to identify any defective piece of equipment responsible for McDaniel's electrocution and subsequent injuries.

¶8. In May 2014, McDaniel filed a legal-malpractice suit against Ferrell in the Hinds County Circuit Court, alleging that Ferrell was negligent by failing to pursue the case and that he failed to sue the correct parties. Ferrell moved for summary judgment, arguing that McDaniel's admission that he failed to de-energize the transformer before attempting to change the fuse precluded him from succeeding in the underlying litigation. McDaniel moved for additional time to conduct discovery regarding the issue of causation, which was granted. After nearly a year of additional discovery, Ferrell filed a second motion for summary judgment. In its opinion, the circuit court noted that McDaniel must show that but for Ferrell's alleged negligent representation, he would have been victorious in the underlying litigation. The circuit court found, however, that McDaniel could not succeed in the underlying action because it was undisputed that McDaniel failed to de-energize the system, and this was the sole and proximate cause of his injuries in the underlying action.

4

The circuit court granted Ferrell's motion for summary judgment, and McDaniel now appeals.

## STANDARD OF REVIEW

¶9.     This Court reviews a trial court's grant of summary judgment de novo. *Donovan v. Burwell*, 199 So. 3d 725, 729 (¶10) (Miss. Ct. App. 2016) (citing *Evans v. Howell*, 121 So. 3d 919, 922 (¶14) (Miss. Ct. App. 2013)).  A summary-judgment motion should be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." M.R.C.P. 56(c).  We review the evidence in the light most favorable to the nonmoving party. *Donovan*, 199 So. 3d at 729 (¶10).  However, the party opposing summary judgment "may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." M.R.C.P. 56(e).  "If he does not so respond, summary judgment, if appropriate, shall be entered against him." *Id*.  "A complete failure of proof concerning an essential element of the non[]moving party's case necessarily renders all other facts immaterial." *Sanderson Farms Inc. v. McCullough*, 212 So. 3d 69, 74 (¶12) (Miss. 2017) (citation omitted).

## DISCUSSION

¶10.    McDaniel argues that the circuit court erred in finding that he was the sole proximate cause of his injury and that he could not have succeeded in the underlying action, and thus erred by granting Ferrell's motion for summary judgment on McDaniel's legal-malpractice

5

claim.

¶11. "For legal-malpractice claims predicated on negligence, the plaintiff 'must prove by a preponderance of the evidence: (a) the existence of an attorney-client relationship; (2) negligence on the part of the lawyer in handling the affairs of the client which have been entrusted to the lawyer; and (3) proximate cause of the injury.'" *Gibson v. Williams, Williams & Montgomery P.A.*, 186 So. 3d 836, 848 (¶34) (Miss. 2016) (quoting *Pierce v. Cook*, 992 So. 2d 612, 617 (¶11) (Miss. 2008)). In this malpractice appeal, the issue centers on the third element—proximate cause.

¶12. In a negligence-based malpractice action, as is the case here, the plaintiff "must establish proximate cause by the so-called 'trial-within-a-trial' test," and "must show that, but for his attorney's negligence, he would have been successful in the prosecution or defense of the underlying action." *Id.* at 850 (¶45). "Because attorneys are afforded a degree of professional autonomy, proof of success in the underlying case is an appropriate test for proximate cause in a negligence-based action because it ensures that attorneys are only held professionally liable where their failures to adhere to the standard of care actually impacted the plaintiff's interests in the case." *Crist v. Loyacono*, 65 So. 3d 837, 843 (¶16) (Miss. 2011). Thus, the test for proximate cause in the legal-malpractice suit is proof of success in the underlying negligence suit. *Id.*

¶13. "The elements of negligence are well-established: duty or standard of care, breach of that duty or standard, proximate causation, and damages or injury." *Porter v. Grand Casino of Miss. Inc.*, 181 So. 3d 980, 985 (¶12) (Miss. 2016). "To succeed in a negligence claim,

the plaintiff must prove both causation and proximate cause." *Dillon v. Greenbriar Digging Serv. Ltd.*, 919 So. 2d 172, 177 (¶12) (Miss. Ct. App. 2005). "Proximate cause requires: (1) cause in fact; and (2) foreseeability." *Johnson v. Alcorn State Univ.*, 929 So. 2d 398, 411 (¶48) (Miss. Ct. App. 2006) (quoting *Ogburn v. City of Wiggins*, 919 So. 2d 85, 91 (¶21) (Miss. Ct. App. 2005)). "[C]ause in fact means that the act or omission was a substantial factor in bringing about the injury, and without it the harm would not have occurred." *Davis v. Christian Bhd. Homes of Jackson, Miss. Inc.*, 957 So. 2d 390, 406 (¶38) (Miss. Ct. App. 2007) (quoting *Johnson,* 929 So. 2d at 411 (¶48)). "Stated differently, cause in fact requires proof that, but for the alleged negligent act or omission, the injury would not have occurred." *Id.* "Foreseeability means that a person of ordinary intelligence should have anticipated the dangers that his negligent act created for others." *Id.* at 404 (¶32). A plaintiff may not recover damages from a defendant where the plaintiff's own negligence was the sole proximate cause of his injuries. *Evans v. Journeay,* 488 So. 2d 797, 799-800 (Miss. 1986).

¶14.   In the instant case, it is undisputed that McDaniel failed to de-energize the system before attempting to change the blown fuse. In the memo McDaniel created at his meeting with Ferrell, he acknowledged that he failed to disconnect the high-voltage transformer. In his deposition, McDaniel admitted that he did not de-energize the system on the day he was electrocuted. He acknowledged that he was trained on the system and that he knew the importance of de-energizing it. He also admitted he had performed the same task on multiple occasions prior to the day of the incident, and did not suffer any injuries. On those occasions, he or his partner de-energized the system. It is readily apparent that but for

7

McDaniel's failure to de-energize the system, he would not have been electrocuted. It is also foreseeable that such failure to disconnect the transformer and engage the live system would result in electrocution. Thus, McDaniel's own negligent act was the proximate cause of his injury.

¶15. McDaniel argues that the law and the facts in the underlying suit support a comparative-negligence analysis and should have been submitted to the jury. He states that the "negligent design and construction of the runway lighting system was the cause in fact in bringing about the injury, without which the harm would not have occurred."

¶16. "Mississippi is a pure comparative-negligence state." *Meka v. Grant Plumbing & Air Conditioning Co.*, 67 So. 3d 18, 23 (¶15) (Miss. Ct. App. 2011) (citing Miss. Code Ann. § 11-7-15 (Rev. 2004)). "Under the comparative[-]negligence doctrine, negligence is measured in terms of percentage, and any damages allowed shall be diminished in proportion to [the] amount of negligence attributable to the person for whose injury, damage[,] or death recovery is sought." *Id*. (quoting *Coho Res. Inc. v. Chapman*, 913 So. 2d 899, 911 (¶36) (Miss. 2005)). "Where negligence by both parties is concurrent and contributes to injury, recovery is not barred under such doctrine, but the plaintiff's damages are diminished proportionately." *Id*. (quoting *Burton ex rel. Bradford v. Barnett*, 615 So. 2d 580, 582 (Miss. 1993)). "Thus, even though the plaintiff was negligent, the plaintiff may recover from a defendant whose negligence contributed to the plaintiff's injury." *Id*. However, comparative negligence only applies where there is more than one proximate cause. *Breaux v. Grand Casinos of Miss. Inc.-Gulfport*, 854 So. 2d 1093, 1097 (¶11) (Miss. Ct. App. 2003)

8

(citing *King v. Dudley*, 286 So. 2d 814, 817 (Miss. 1973)). Comparative negligence "is not applicable if the negligence of the injured party is the sole cause of the injuries . . . ." *Id*.

¶17.    In the instant case, a comparative-negligence analysis is improper because McDaniel was the sole proximate cause of his electrocution.  Assuming that a defendant in the underlying suit was negligent in the design or construction of the runway lighting system, that alleged negligence was not a cause in fact of McDaniel's electrocution.  Rather, the alleged negligence caused a blown fuse, merely furnishing the occasion for McDaniel to restore the system.  The Mississippi Supreme Court has held that "negligence which merely furnished the condition or occasion upon which injuries are received, but does not put in motion the agency by or through which the injuries are inflicted, is not the proximate cause thereof." *Causey v. Sanders*, 998 So. 2d 393, 405-06 (¶39) (Miss. 2008).  Thus, the defendants' alleged negligence in the underlying action was not a proximate cause of McDaniel's injuries, and a comparative-negligence analysis was not appropriate.

¶18.    It is undisputed that McDaniel failed to de-energize the system before attempting to change the blown fuse.  This was the sole proximate cause of McDaniel's electrocution.  Thus, McDaniel could not succeed in the underlying litigation and, in turn, could not prevail against Ferrell in his legal-malpractice suit.  We affirm the trial court's grant of summary judgment.

¶19.    **AFFIRMED.**

        **IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, GREENLEE AND WESTBROOKS, JJ., CONCUR.    WILSON AND TINDELL, JJ., NOT PARTICIPATING.**